MOSES DEERE

*v.*

ISAAC COLE *et al.*

*Filed at Springfield October 6, 1886.*

1. HIGHWAY—*changing the line of the road—power of the commissioners.* Where the petition, survey and order establishing a public highway, all describe the road as on a section line, the commissioners of highways will have no power to open the same except upon the line so described. They will have no right, in opening the highway, to take lands not actually condemned, or change the line of the road. If they attempt to do so they may be enjoined.

2. PRESUMPTION—*in support of finding of facts.* Where the evidence in a suit in chancery as to the location of a disputed corner of four sections of land is conflicting, and of such a character as to render it difficult to find on which side it preponderates, this court will not reverse the decision of the Appellate Court in affirming the decree of the circuit court.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign county; the Hon. J. W. WILKIN, Judge, presiding.

Messrs. GERE & BEARDSLEY, for the appellant:

In this case the burden of proof is upon the appellees to justify their acts, by showing that they were entering appellant's land on the section line, as that is the line on which the record calls for the road. *McIntyre* v. *Stoney*, 80 Ill. 127; *Owens* v. *Crossett*, 105 id. 354.

It is admitted by all that the corner for sections 4, 5, 8 and 9 is a lost corner. There is no witness who undertakes to say that the location of the original corner can be identified by one who saw the government monument.

The statute law of this State provides that county surveyors, in making their surveys, shall make the same in accordance with the original surveys and the laws of the United States governing surveys. Rev. Stat. sec. 5, chap. 133.

The act of Congress, approved February 11, 1805, provides that "the boundary lines actually run and marked" in the field, shall be established as the proper boundary lines of the sections or subdivisions for which they were intended; and the length of such lines, as returned by the surveyors, shall be held and considered the true length thereof, etc. 2 U. S. Stat. at Large, p. 313, sec. 2396.

As to the true and proper survey to establish a lost or disputed corner, see *Martz* v. *Williams*, 67 Ill. 306; *McCormick* v. *Hughes*, 78 id. 363; *McClintock* v. *Rogers*, 11 id. 279; *Francois* v. *Maloney*, 56 id. 399; *Jones* v. *Kimble*, 19 Wis. 429; *Moreland* v. *Page*, 2 Iowa, 139; *Thomas* v. *Patton*, 13 Maine, 329; *Wolfe* v. *Scarborough*, 2 Ohio St. 363.

The survey filed constitutes the written, permanent record evidence of the exact land taken. Mills on Eminent Domain, sec. 116.

If the road has been once opened and used, the question would be, where is the place where the road was opened? If not yet opened, it must be opened according to the record. *Commissioners* v. *Killham,* 58 Ill. 347.

Mr. Francis M. Wright, for the appellees:

The survey of the road, as it was actually made, must govern. *Hines* v. *People,* 34 Ill. 297.

The issue was, whether appellant had obstructed a public highway, and to determine that fact it was necessary to find the precise line or place where the road was actually located. *Hines* v. *People,* 34 Ill. 297.

As to the mode of ascertaining a lost corner section, counsel examined the cases cited by appellant, and the evidence on that point.

A complainant is confined to the grounds of relief stated in his bill. *Page* v. *Greeley,* 75 Ill. 400; *Morton* v. *Smith,* 86 id. 117; *Morris* v. *Tillson,* 81 id. 607; *Tuck* v. *Downing,* 76 id. 71.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill in equity, brought by appellant, Moses Deere, to enjoin the commissioners of highways of the town of Sidney, in Champaign county, from opening a certain highway which had been laid out from the north-east corner of the west half of the north-west quarter of section 10, running thence west on section line between sections 3 and 10, and 4 and 9, to intersect a certain road running north and south between sections 4 and 5, 8 and 9. The complainant in the bill owned and occupied the south-west quarter and the west half of the south-east quarter of section 4, in the town of Sidney, and it is claimed by him that the highway which the commissioners were attempting to open, was not on the section line, but some fifty feet north of it, at the east line of

his land, and two hundred feet north of the line, at his west line. The petition for the highway upon which the commissioners acted, prayed for the location of the road upon the section line. The survey of the route made by the surveyor employed by the commissioners, professed to locate the highway on the section line, and the order establishing the road ordered that the highway be laid out according to the prayer of the petitioners, as shown by the plat and survey of said road.

The petition, the survey, and the order establishing the highway, all unite in laying the road on the section line, and we think it is manifest that the commissioners had no authority to open the road except upon the line where it was established. The land actually condemned for public use may be taken and appropriated by the commissioners of highways for the purpose for which it was condemned, but the commissioners had no right whatever, in opening the highway, to take other land, or change the line of the road, and open it upon land where it had not been laid out. The commissioners contend that the road was laid on the section line, and that the lands upon which they entered to open the highway were on the section line, while, on the other hand, the appellant insists that the commissioners had departed from the true section line, and were attempting to open the highway over and upon other lands. The point at which the road started is at a recognized corner, upon which both parties agree, but the dispute arises as to the western terminus of the road,—the section corner of sections 4, 5, 8 and 9. This original corner can not be found, and its location is a question upon which surveyors of equal skill and ability do not agree. On the hearing in the circuit court, much evidence was introduced by both parties in regard to the location of this disputed corner, and upon the evidence the circuit court found in favor of the defendants, and entered a decree dismissing the bill. On appeal, this decree was affirmed in the Appellate Court.

We have given the evidence contained in the record a careful consideration, and while there may be some doubt in regard to the decision of the circuit court on the evidence, yet there is no such preponderance of the evidence in favor of the complainant, and against the decree, as would justify a reversal of the decision of the Appellate Court affirming the decree of the circuit court. It would serve no useful purpose to enter upon a discussion of the evidence introduced by the respective parties as to the location of the corner in dispute. There is much conflict in the evidence, and it is somewhat difficult to determine upon which side of the controversy the evidence preponderates. Under such circumstances, it is not the duty of this court to reverse the decision of the Appellate Court. If it was clear, from the evidence, that the location of the corner in dispute was at the point claimed by complainant, then we should not hesitate to reverse; but such is not the case.

The record presents no error, and the decision of the Appellate Court will be affirmed.

*Decree affirmed.*