EDMONIA FARRELLY *et al.*

*v.*

THE TOWN OF KANE.

*Opinion filed April 21, 1898.*

1. HIGHWAYS—*commissioners' order laying out highway determines its location.*   The petition and order of the commissioners for laying out a highway determine its location, and the commissioners have no authority to open it except upon the line established.

2. SAME—*when owner is not estopped by agreement to question right to open road.*   Consent by an adjoining owner to the laying out of a highway "as surveyed" by the surveyor of the commissioners, will be held to refer to the description of such highway contained in the petition and commissioners' order for laying out the road, rather than to a line of stakes set by said surveyor at variance with such description, of which line the owner had no knowledge.

3. EVIDENCE—*what competent in suit for obstructing highway.*   In an action against an adjoining owner for obstructing a newly opened highway, the defendant may show the commissioners laid out the road on a different line from that described in the petition and commissioners' order, over land in which they acquired no right.

APPEAL from the Circuit Court of Greene county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

D. J. SULLIVAN, for appellants.

H. H. MONTGOMERY, and J. M. RIGGS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Edmonia Farrelly, one of the appellants, is the owner of the east half of the north-east quarter of section 6, in the town of Kane, township 9, range 11, in Greene county. The commissioners of highways attempted to open a road forty feet wide through the south part of said tract, and she and her father, J. C. Ashlock, the other appellant, obstructed it several times.   This suit was brought to recover statutory penalties for obstructing a public high-way.   There was a verdict against Edmonia Farrelly for

$30 and against J. C. Ashlock for $61, and judgment was rendered against them severally for said penalties and costs of suit. From that judgment they have appealed to this court.

Appellee has moved to dismiss the appeal for want of jurisdiction. At the trial Edmonia Farrelly claimed that the place where the obstructions were placed was her freehold, and the opposing claim was that the public had acquired a perpetual easement over the premises at that place. The errors assigned relate to that question, and the appeal involves a freehold. *Chaplin* v. *Comrs. of Highways,* 126 Ill. 264; *Town of Brushy Mound* v. *McClintock,* 146 id. 643; *Village of Crete* v. *Hewes,* 168 id. 330.

It was shown at the trial that on July 6, 1895, a petition was presented to the commissioners of highways of the town of Kane asking them to lay out a new road, beginning at the south-east corner of the north-east quarter of the said section 6 and running thence due west three-quarters of a mile; thence south-west, north-west and west about one-fourth of a mile, around a certain hill connecting with the county road, passing over lands of Edmonia Farrelly, Michael Harrity and others. The line of the road as prayed for in the petition was along the south line of Mrs. Farrelly's land and the north line of the land of Michael Harrity, the adjoining proprietor on the south. The commissioners met and granted the prayer of the petition, and employed T. G. Capps, county surveyor, to make a survey of the road. Michael Harrity released his damages for $60 paid to him, and the damages of Mrs. Farrelly were assessed at $55 before a justice of the peace. The commissioners made an order laying out the road described the same way as in the petition, as follows: "Beginning at a stone at the south-east corner of the north-east quarter of said section 6, in town 9, north, range 11, west of the third principal meridian, in said county and State, which corner is the quarter section corner between sections 5 and 6, in said township,"

and running thence west, "passing along the line between the north-east and south-east quarters, and between the south-east quarter of north-west quarter and the north-east quarter of the south-west quarter of said section 6." To this order were annexed the survey and plat reported by the surveyor.   The report of the survey recited that the surveyor had been employed to make a survey of a road, giving the same description as in the petition, and stated "that the following is a correct survey thereof as made by me under your directions, to-wit: commencing at a point at the south-east corner of the north-east quarter of said section 6, in town 9, north, range 11, west of the third principal meridian, in said county and State, which corner is the quarter section corner." Mrs. Farrelly appealed to three supervisors, and on the hearing before them it was agreed that the commissioners should pay her $100 and all costs made by them on the appeal; that she should pay all costs made by her on the appeal, and that the order of the commissioners should be affirmed; and she agreed that on payment of $100 the commissioners might open the proposed road as surveyed by T. G. Capps, surveyor in said proceedings, after forty days from the settlement, which was September 23, 1895.

On the trial of this case the defendants were denied the right to cross-examine the county surveyor, Capps, on the question whether the starting point of the road as laid out was not fifty-nine feet south of the place where it was opened, and that as opened it left a wedge-shaped piece of Mrs. Farrelly's land south of the road and took no portion of the land of Michael Harrity.   The defendants also produced J. C. White, who had been county surveyor of Greene county for twenty-five years, and attempted to prove by him that the corner in question, described in all the proceedings, was fifty-nine feet south of the center of the road as attempted to be opened, and that there was a stone placed at the corner; and they also attempted to prove by other witnesses where the quarter

corner was, but were not permitted to make any proof of that character. The court also instructed the jury, in substance, that the real line as described in the proceedings had nothing to do with the case, and that if the surveyor, Capps, surveyed the road and indicated the line by setting stakes where it was opened by the commissioners they should find for the town. The objection made and sustained to the evidence was, that it was immaterial whether the road was on the line described in the petition, surveyor's report and order laying it out, or not.

The surveyor, Capps, testified that he stuck the stakes of his survey, commencing at a stone in the hedge fence in the south part of Mrs. Farrelly's corn field, along the line where the commissioners attempted to open the road through her corn field. The argument in favor of the ruling of the court is, that by the written agreement made at the settlement before the supervisors the commissioners were given the privilege "to open up proposed road as surveyed by T. G. Capps, surveyor in said proceedings," and that the survey referred to must be held to mean the stakes set by Capps. To this proposition we cannot assent. The law provided for a petition in writing, giving the point of commencement and the course of the road, and also for a report of the survey, giving the courses and distances and specifying the land over which the road was to pass, and a final order containing or having annexed thereto a definite description of the line of the road, together with a plat thereof. These had all been made and were before the parties on the appeal to the supervisors, where it was agreed that the final order of the commissioners should be affirmed. It is plain that all the parties understood at that time that the road was on the line. The commissioners had taken a release from Harrity, the adjoining owner, for the land taken from him and had paid him for it. The order of the commissioners laying out the highway determined its location, and they

had no authority to open it except upon the line where it was established by the petition, the survey and the order. (*Deere* v. *Cole*, 118 Ill. 165.)   The agreement of Mrs. Farrelly giving the privilege to open the road as surveyed by T. G. Capps, surveyor in said proceedings, must be held to refer to these proceedings, rather than to a line of stakes of which, so far as appears, she had no knowledge, and which the court would not even permit her to testify that she did not know had been set in her field.   She was only estopped by her agreement to dispute the existence of the road on the line where it had been established. Defendants should have been permitted to show that the commissioners attempted to open the road on a different line, over land where they had not acquired any easement or right.

It is argued that under the present statute, requiring the petition to state the point at or near which a road is to commence, the commissioners could locate the road commencing at any point near by, and consequently could locate and open it fifty-nine feet from the starting point named in the petition.   If they had such power it would be a sufficient answer that they did not make any change in the starting point, but laid out the road according to the petition, commencing at the same point.   The petition did not ask for a road commencing at or near the corner, but called for a road commencing at the corner, and the statute gave the commissioners no power to change it. The only authority given to make changes is between the *termini* of the road described in the petition.   *Shinkle* v. *Magill*, 58 Ill. 422;   *Deer* v. *Comrs. of Highways*, 109 id. 379.

The judgment of the circuit court is reversed and the cause remanded.                   *Reversed and remanded.*