THE TOWN OF KANE

v.

EDMONIA FARRELLY et al.

*Opinion filed October 24, 1901.*

1. SURVEYS—*government field notes and plats are presumed to be correct.* Under section 6 of the act relating to surveyors and surveys it is the duty of surveyors to make all surveys in accordance with the original surveys and the laws of the United States governing the same, and government field notes and plats will be presumed to be correct until the contrary is proven.

2. EVIDENCE—*when evidence of prior conversations is inadmissible to vary written contract.* If the only ambiguous part of a written contract has received judicial construction by the Supreme Court, parol evidence of conversations between the parties prior to the making of the contract are inadmissible, on second trial, to vary, contradict or modify the agreement.

3. SAME—*a party cannot change, by instruction, the purpose for which evidence is offered.* Evidence properly excluded because its effect, in the view disclosed in offering it, would be to vary the terms of a written contract, cannot be made competent, and the court's ruling therefore erroneous, by presenting an instruction, after the evidence is closed, seeking to apply such evidence to the dedication of land for a highway.

WRIT OF ERROR to the Circuit Court of Greene county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

H. H. MONTGOMERY, and J. M. RIGGS, for plaintiff in error.

D. J. SULLIVAN, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an action by plaintiff in error to recover statutory penalties for obstructing a public highway. The defense was that no highway existed at the point where the alleged obstructions were found. The cause was before us at a former term. (*Farrelly* v. *Town of Kane,* 172 Ill. 415.) The facts then recited need not be here repeated, but it is necessary to a full understanding of

the points involved, a fact not necessary to have been expressly stated and therefore not found in the former opinion should be made to appear, viz., that the agreement between the commissioners and the defendant in error Mrs. Farrelly was reduced to writing and formally signed by the contracting parties. The agreement is as follows:

"STATE OF ILLINOIS, } ss.
   *Greene County.*    }

"Whereas, at a meeting of the three supervisors to hear an appeal from the decision of commissioners of highways of the town of Kane, in said county, said commissioners did agree with Edmonia Farrelly, said appellant, that they would pay her, the said Edmonia Farrelly, $100 and all costs by them made on said appeal, and the said Edmonia Farrelly, on her part, did agree to pay all costs made by her on said appeal, including fees of said supervisors, and it being further agreed that the order of said commissioners of highways should be affirmed, it is therefore expressly agreed herein, in writing, that we, the undersigned, will carry out the terms above mentioned, and further agree that the above $100 shall be paid to said Edmonia Farrelly, or her attorney herein, on the 5th day of October, 1895, and on the payment of said $100, and a reasonable time to remove the crops and fences, which time is fixed at forty days from this date, said commissioners are given the privilege to open up the proposed road as surveyed by T. G. Capps, surveyor in said proceedings. Said Edmonia Farrelly agrees to remove said fences in said time.

"Dated this 23d day of September, 1895.

WILLIAM FRESH,
N. H. CLOSE,
D. P. STONE,
        *Highway Comrs.*
EDMONIA FARRELLY."

In pursuance of the judgment remanding the cause entered in this court the cause was re-docketed in the circuit court for a new trial. Such new trial was had at the February term, 1900, of the circuit court of Greene county, and the verdict and judgment were in favor of the defendants in error. This is a writ of error to reverse that judgment.

On the trial the plaintiff in error town contended it appeared from the face of the written agreement hereinbefore set out, that the writing did not contain, and was not intended to contain, the whole agreement, and for that reason urged it was competent to prove a conversation between the parties which, as counsel for the town alleged, occurred immediately prior to the execution of the agreement.

The petition for the road, the report of the survey made under the order of the commissioners by surveyor Capps, and the final order of the commissioners establishing the road, described the road as beginning at the south-east corner of the north-east quarter of section 6, township 9, north, range 11, in Greene county, Illinois. The defendant in error Mrs. Farrelly owned the south-east quarter of said north-east quarter of said section 6. One Michael Harrity owned the forty-acre tract immediately south of that of Mrs. Farrelly. There had long been a dispute between them as to the true location of the south-east corner of the said north-east quarter of said section 6, that being the south-east corner of Mrs. Farrelly's tract and the north-east corner of Mr. Harrity's land. They had, however, each built a fence along the disputed line to said south-east corner as it was claimed to be by Mrs. Farrelly. While the petition, the surveyor's report and the final order of the commissioners specified the south-east corner of the said north-east quarter of said section 6 as the beginning point of the center line of the road,—the road being of the width of forty feet, or twenty feet on each side of said center line,—the surveyor, Capps, had located the south-east corner of said north-east quarter of said section 6 some thirty-nine feet north of the location of the said south-east corner of said north-east quarter of said section 6 as contended for by Mrs. Farrelly and as indicated by the fences maintained by Mr. Harrity and Mrs. Farrelly. The obstructions in question would be within the limits of the highway if the

true corner of the said north-east quarter of section 6 is at the point as located by surveyor Capps but would not be within the highway if the corner is as claimed by the defendant in error Mrs. Farrelly.

The only real question of fact in issue between the parties was as to the true location of the south-east corner of the said north-east quarter of said section 6 as established by the government survey. We think the preponderance of the evidence clearly supported the contention of the defendants in error on that point. H. M. Minton, county surveyor of Macoupin county, and Giles Reeder, county surveyor of Scott county, each surveyed the line and found the true corner to be as contended for by Mrs. Farrelly; and surveyor Capps, on cross-examination, admitted that he had the government field notes before him when he made the survey, and if he had been governed by them would have established the corner where Mrs. Farrelly claimed it to be. Mr. Capps had also notes of a survey made by his predecessor in office, and erroneously accepted such notes as binding upon him because later in point of time than the government field notes. It is the duty of surveyors to "make all surveys * * * in accordance with the original surveys and the laws of the United States governing surveys." (Hurd's Stat. 1899, chap. 133, sec. 6, p. 1685, entitled "Surveyors and Surveys.") There was nothing in the proof tending to overcome the presumption that the field notes and plats of the governmental survey were correct. They should have been so accepted as correct. *Ogilvie* v. *Copeland*, 145 Ill. 98.

The plaintiff in error town, however, contended that the defendant in error Mrs. Farrelly was willing to donate to the commissioners of highways, to be used as a public highway, the south twenty feet of her tract if the southern boundary of her tract as contended for by her should be accepted as the true line, and that she was willing that the highway should be located upon her land

according to the actual survey made by Capps if the commissioners would pay her $100, and that the commissioners decided to pay her the $100, and that such was the agreement and contract between them.　The plaintiff in error town therefore sought to introduce oral testimony to establish the conversation which, as it insists, occurred between Mrs. Farrelly and the commissioners immediately prior to the execution of the written agreement between them; but the court excluded such testimony, and such exclusion is here urged as for error.

Counsel recognize the general rule of evidence that a written contract, if unambiguous in its terms, cannot be varied, contradicted or modified by parol evidence of conversations relating to the subject matter of the contract, which occurred between the contracting parties before the execution of the contract, but they invoke an exception to the rule, noted in Stephen's Digest of Evidence, (May's ed. art. 90, pp. 142, 143,) and in 2 Wharton on Evidence, (sec. 1026,) and in 7 Am. & Eng. Ency. of Law, (1st ed. p. 91,) that a party is at liberty to prove "the existence of any separate oral agreement as to any matter on which a document is silent, and which is not inconsistent with its terms, if, from the circumstances of the case, the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them.　There is nothing in the circumstances of the case to justify the inference that the writing was not intended by the parties to be a complete and final statement of the whole agreement between them.　When the case was before us on the former occasion we construed that portion of the instrument in which is set forth the agreement on the part of Mrs. Farrelly giving the privilege to open the road "as surveyed by T. G. Capps, surveyor in said proceeding," to refer to the description of the road and the point of commencement thereof as given in the petition, the report of the survey and the final order of the commissioners

establishing the road, and not to a line of stakes which the surveyor had caused to be driven in the ground when he made the survey. This construction of the contract removed every just ground of contention as to the proper meaning to be given to the instrument, for in all other respects the wording is too clear and unambiguous to demand interpretation or construction. We think the general rule that parol evidence is not admissible to vary, modify or contradict a written agreement was properly applied by the trial court.

It is, however, contended that the evidence so excluded by the court, if admitted, would have tended to show a dedication by Mrs. Farrelly of the strip of land upon which she caused the obstruction to be placed, to the highway commissioners for the purposes of a public highway, and it was for that reason erroneous to exclude it. The conversations sought to be proven were alleged to have taken place in the course of legal proceedings to establish a highway under the statute. When it was sought to prove such conversations, the plaintiff in error was attempting to prove, step by step, the proceedings necessary to the legal establishment of a highway, and we find nothing in the record to indicate that it was then the purpose or intention of the plaintiff in error to attempt to establish a road by dedication. The objection preferred to the admission of the evidence related solely to the connection of the proof with the written agreement, and it was excluded upon the sole ground that it tended to vary or contradict the written agreement. The written agreement provided that the order of the commissioners establishing the road should be affirmed by the supervisors, and the further provisions thereof were entered into in view of the legal establishment of the highway under the statutory proceedings instituted by the commissioners. Counsel for plaintiff in error did not indicate to the court that the evidence had any other pertinency until after the cause had been heard and sub-

mitted to the jury, when an instruction defining dedica-
tion of land for a highway was asked to be given to the
jury.  The court was justified in passing upon the offered
proof with reference, solely, to its admissibility under
the general rule that parol evidence is not to be received
to vary or contradict the terms of a written agreement.
The contention on the part of the town was that a high-
way had been established by the commissioners of high-
ways, by statutory proceedings, over the lands of Mrs.
Farrelly at the point where she had constructed the fence
which constituted the alleged obstructions, and not that
she had dedicated the land for a road.   Therefore the
court did not err in giving instructions 2, 3, 4, 6, 8 and 9
given for defendants in error, and in refusing to give
No. 15 asked by plaintiff in error.

The defendant in error Mrs. Farrelly did not question
the legality of any step taken by the commissioners
necessary to the legal establishment of a highway.  Her
contention was, the highway, as shown to have been es-
tablished by the description thereof in the petition, the
report of the survey and the final order, did not occupy
the land where the fences had been constructed by her.
Hence instruction No. 4, to the effect that the statutory
requirements governing the establishment of highways
must be strictly complied with, had no prejudicial effect.
For the same reason instruction No. 11, which it is com-
plained erroneously left the jury to determine whether
the highway was lawfully laid out, without advising
them as to the steps necessary to be taken in estab-
lishing a highway, could not have prejudiced the rights
of the town.

The defendants in error were defending against the
infliction of a penalty in the nature of a fine.   The pur-
pose of the prosecution was punishment.  The jury should
not, therefore, have returned a verdict convicting them
unless they were able to say that the fences which it was
alleged constituted the obstructions were placed within

the limits of the highway. Such was, in substance, the direction of instruction No. 12, of which complaint is made, and the court did not err in giving that instruction.

The judgment must be and is affirmed.

*Judgment affirmed.*