JULIA SCHNEIDER

*v.*

ANNA M. C. SULZER *et al.*

*Opinion filed October 24, 1904.*

1. CONTRACTS—*unambiguous written contract cannot be varied by parol evidence.* Where an unambiguous written contract to convey lots is silent as to any proposed dedication of abutting land for a street, proof of a prior parol agreement to make such dedication is not admissible.

2. DEDICATION—*when dedication cannot be shown by acts and declarations.* Acts and declarations of the grantor cannot be relied upon to establish a dedication, for street purposes, of land abutting

upon a lot, where the plat with reference to which the lot was sold and upon which the grantee relies not only fails to indicate a street, but shows the ground to be platted as an inside lot, part of which the grantee purchased.

3. WITNESSES—*when witnesses are incompetent.* Complainant in a bill against heirs-at-law to establish an alleged dedication by their deceased ancestor is incompetent to testify in her own behalf, and persons interested in the establishment of the dedication against the interests of the heirs are also incompetent to testify in behalf of the complainant.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

This is a bill, filed on February 4, 1903, by the plaintiff in error against the defendants in error, the latter being the widow and children of one Frederick Sulzer, deceased, praying that a decree may be entered, directing the defendants "to convey, set aside and dedicate to the city of Chicago for street purposes the premises hereinafter described, and that said defendants and each of them and their agents, attorneys, solicitors and servants may be enjoined from selling or disposing of the premises hereinafter described," and for other and further relief, etc. The bill was answered by all the defendants, and replication filed to the answer.

Upon hearing had, the circuit court on February 11, 1904, after hearing the evidence adduced in open court, dismissed the bill at the complainant's costs for want of equity. The present writ of error is sued out for the purpose of reviewing such decree of dismissal.

Upon the hearing below the plaintiff in error introduced in evidence, without objection from the defendants in error, a plat of "Frederick Sulzer's addition to Belle Plaine, a subdivision of the south 8.81 acres of north-west quarter of south-west quarter of section 17, township 40 north, range 14, east of the third principal meridian, in Cook county, Illinois," which said plat is in the words and figures following, to-wit:

Frederick Sulzer died intestate in February, 1892, before the house hereinafter referred to was finished, leaving him surviving the defendants in error as his widow and heirs-at-law. Before his death, and on December 7, 1891, a written contract was made between said Frederick Sulzer of Chicago, party of the first part, and the plaintiff in error, Julia Schneider, of Chicago, party of the second part, by the terms of which the first party agreed to convey to the second party, in fee simple by warranty deed, the west 15.2

feet of lot 8 and the east 14.8 feet of lot 9 in said Sulzer's addition to Belle Plaine, and said second party agreed to pay $3588.00 therefor as follows, to-wit: $100.00 in cash, $100.00 on or before January 1, 1892, and the balance in semi-annual payments of $180.00 or more, together with interest at six per cent. By the terms of the written contract, in case of failure to make said payments, the contract, at the option of the first party, was to be forfeited and all payments retained by the first party; and by the terms thereof the first party agreed to pay the sum of $2200.00 for the erection of a residence on said lot. By the terms thereof, also, the time of payment was to be of the essence of the contract, and the agreements thereof were to be obligatory upon the heirs, executors, etc., of the respective parties.

Thereafter, and on April 3, 1899, in pursuance of said written contract, the defendants in error, in consideration of $4038.00, conveyed to plaintiff in error, Julia Schneider, "the west 15.2 feet of lot 8 and the east 14.8 feet of lot 9 in F. Sulzer's addition to Belle Plaine," etc., describing the same according to the above description, by a warranty deed dated April 3, 1899, and acknowledged by said widow and heirs as grantors therein on April 5, 8 and 10, 1899, and recorded on April 19, 1899. Said deed contained the following recitation: "This deed is executed pursuant to a certain contract made and entered into on the 7th day of December, A. D. 1891, and bearing date the said 7th day of December, A. D. 1891, between Frederick Sulzer, late of the city of Chicago aforesaid, and the said grantee, Julia Schneider, in and by which said contract the said Frederick Sulzer covenanted and agreed to convey said premises to the said grantee for the consideration aforesaid."

About the same time Jessie W. Schumaker, then Beckett, purchased the west 13.2 feet of lot 10 and the east 16.8 feet of lot 11 in said Sulzer's addition. The parts of said lots 8 and 9 purchased by Mrs. Schneider, and the parts of lots 10 and 11 purchased by Mrs. Schumaker were each about

30 feet wide and fronted 30 feet each upon Berteau avenue. Between the parcels thus purchased, 30 feet by Mrs. Schneider and 30 feet by Mrs. Schumaker, lay the east 31.8 feet of lot 10 and the west 30.2 feet of lot 9. It is admitted that the title to these 62 feet, lying between the two parcels thus purchased, is in one or more of the defendants in error, heirs of Frederick Sulzer, deceased.

The ground north of the lots thus purchased was, at the time of the contract in question, unsubdivided, but was afterwards, in October, 1900, subdivided and known as "Albert Sulzer's subdivision," etc.

On June 20, 1901, the heirs of one Henry Sulzer, deceased, executed a quit-claim deed, conveying to defendants in error the property north of the lots in question, extending from Cullom avenue south to the north line of lot A, and from the west line of Clark street to the east line of Ashland avenue.

The strip of land, which the bill seeks to have conveyed and dedicated to the city of Chicago as a street, is the strip above described as being 62 feet in width, and certain lots lying north of it in Albert Sulzer's subdivision, and between said strip on the south and Cullom avenue on the north.

GALLAGHER, FISKE & MESSNER, for plaintiff in error.

ARNOLD TRIPP, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The contention of the plaintiff in error in this case is, that, when she purchased the west 15.2 feet of lot 8 and the east 14.8 feet of lot 9, being a lot 30 feet wide, from Frederick Sulzer in his lifetime, Frederick Sulzer agreed to convey and dedicate the east 31.8 feet of lot 10 and the west 30.2 feet of lot 9, being a strip of ground 62 feet wide, to the city of Chicago as a street, and to extend such street north as far as

Cullom avenue through the property then unsubdivided. It is not claimed that the agreement thus alleged to have been made was a written agreement. It is admitted that it was a mere verbal agreement, said to have been made between Frederick Sulzer and plaintiff in error some ten days or two weeks, or thereabouts, prior to the execution of the written contract, executed between said parties on December 7, 1891.

It is well settled "that a written contract, unambiguous in its terms, cannot be varied, contradicted or modified by parol evidence of anything that occurred at or prior to the time when such written contract was executed." (11 Am. & Eng. Ency. of Law,—2d ed.—p. 548).

In *Telluride Power Co.* v. *Crane Co.* 208 Ill. 218, we said (p. 226) : "The rule is, that when the writings show, upon inspection, a complete legal obligation, without any uncertainty or ambiguity as to the object and extent of the engagement, it is conclusively presumed that the whole agreement of the parties was included in the writings."

"A written contract, if unambiguous in its terms, can not be varied, contradicted or modified by parol evidence of conversations relating to the subject matter of the contract, which occurred between the contracting parties before the execution of the contract." (*Town of Kane* v. *Farrelly,* 192 Ill. 521). Nor can a sealed executory contract be altered, changed or modified by parol agreement. (*Alschuler* v. *Schiff,* 164 Ill. 298).

The written contract executed between plaintiff in error and Frederick Sulzer on December 7, 1891, is presumed to have embodied the whole of their agreement, and all previous verbal arrangements, if any there were, were merged into such written contract. The written contract of December 7, 1891, is silent as to the conveyance or dedication of any parts of lots 9 and 10, or of the ground lying north thereof for street purposes. The contention of the plaintiff in error is, that there was a verbal contract between her and Frederick Sulzer for the purchase of the 30 feet bought by her, and

that, as a part of that verbal contract, Frederick Sulzer
agreed to open a street west of the 30 feet purchased by her;
and it is said that, in consideration of the agreement so to
open said street, plaintiff in error was to pave the part of
Berteau avenue lying south of the part, so to be dedicated
as a street, but there is nothing in the written contract as to
the agreement so alleged to have been verbally made between
the parties. As plaintiff in error and Frederick Sulzer put
their contract in writing, the writing must control. Parol
evidence was inadmissible to change its terms in the manner
stated. The testimony as to the alleged oral contract was
admitted subject to objection, and it is evident that the chan-
cellor below properly regarded it as incompetent and refused
to consider it in making his decree.

The plat of Frederick Sulzer's addition, upon which are
noted lots 8 and 9, parts of which plaintiff in error pur-
chased, was introduced in evidence by plaintiff in error upon
the hearing below, and its introduction was not objected to
by the defendants in error. The plat of the addition, there-
fore, must be regarded as a valid map or plat of the property
in question, as it is so treated by both parties. This plat
shows upon its face lots 8, 9, 10 and 11, each being 45 feet
wide, as having been laid off by Frederick Sulzer, the maker
of the plat, and the owner of the property sold to plaintiff in
error. In the written contract of December, 1891, signed by
Frederick Sulzer and the plaintiff in error, and also in the
deed of April 3, 1899, signed by the defendants in error, and
accepted by plaintiff in error, the property conveyed is de-
scribed as being certain designated parts of lots 8 and 9 in
said Sulzer's addition, as described in the statement preced-
ing this opinion. "Where a deed refers to a plat or subdi-
vision, the particulars shown upon such plat or subdivision
are as much a part of the deed as though they were recited
in it." (*Henderson* v. *Hatterman,* 146 Ill. 555; *Smith* v.
*Young,* 160 id. 153; *Louisville and Nashville Railroad Co.*
v. *Koelle,* 104 id. 455; *Simpson* v. *Mikkelsen,* 196 id. 575;

*Thompson* v. *Maloney,* 199 id. 276). It thus appears that the contract, signed by plaintiff in error, and the deed, made to her and accepted by her, refer to lot 9 as the same is indicated upon the plat to Sulzer's addition. Upon that plat lot 9 is a lot 45 feet wide, and contains not only the east 14.8 feet conveyed to plaintiff in error, but also the west 30.2 feet. Therefore, plaintiff in error is estopped from claiming that the west 30.2 feet of lot 9 is part of a street agreed to be dedicated, when, by the description in her deed, she recognizes it as a part of lot 9, as designated upon the plat of Sulzer's addition, to-wit, a lot 45 feet wide not abutting upon a street, and not connected in any way with a street.

Counsel for plaintiff in error refer to many cases, which hold that a dedication may be evidenced by acts and declarations, as well as by grant or other written instrument, and they also refer to several cases, which state that a map is not essential to the validity of the dedication. Relying upon these cases, plaintiff in error insists that, when Frederick Sulzer took the plat of Sulzer's addition and indicated thereon with his finger the parts of lots 9 and 10 which he would dedicate as a street, and when he stepped off upon the ground the space 62 feet wide to be dedicated as a street, such acts on his part amounted to a dedication. The cases referred to, however, do not sustain the contention of the plaintiff in error. In most of the cases it was shown that sales were made according to some plat, which, though not valid as a statutory plat, yet was of such a character as to make the act of selling lots, designated upon the same and abutting upon streets, amount to a common law dedication of such lots. Even in cases where no map was shown to have been made, it will appear from an examination that a survey of the ground had been made, and that lots were sold in reference to such survey.

In *Godfrey* v. *City of Alton,* 12 Ill. 29, it appeared that a survey had been made and ground had been laid off for public use as a street or landing, and that sales had been

made in reference thereto, and, in view of these circumstances, it was there held that there was a dedication of such ground to the public. So, in *Zearing* v. *Raber,* 74 Ill. 409, it appeared that the owner of lots had the same platted showing a street, and sold a part of the same with reference to such street. In *Alden Coal Co.* v. *Challis,* 200 Ill. 222, while it appeared that no plat had been made, yet the proof showed that a town site had been staked out, and people had been invited to locate thereon, and houses had been built, and streets improved, and residences and business sites had been leased; and, under such circumstances, it was held that the owner of the ground was estopped from denying the dedication of the streets to the public, and that the making of a map of the town site was not necessary to the validity of the dedication. But, in the case at bar, no map or plat was made showing a street at the point where the land is said to have been dedicated, nor was any survey made of the ground for the purpose of laying out a street. On the contrary, the oral testimony introduced contradicts the showing upon the face of the map. The map of Sulzer's addition, upon its face, shows that lots 8, 9, 10 and 11 were inside lots and did not abut upon any street. The parol testimony, introduced by plaintiff in error, had a tendency to contradict the showing of the very map, which plaintiff in error herself introduced in evidence; and was, therefore, incompetent.

In addition to what has been said, the main witnesses, by whom it was sought to prove the verbal agreement in question, were plaintiff in error, the complainant in the suit, and her sister-in-law, Mrs. Schumaker. Plaintiff in error filed a bill against the defendants in error as heirs-at-law of Frederick Sulzer, deceased. She was, therefore, an incompetent witness under section 2 of chapter 51 of the Revised Statutes in regard to evidence, which provides that no party to any civil action, suit or proceeding, shall be allowed to testify therein of his own motion, or in his own behalf, when any adverse party sues or defends as heir, legatee or

devisee of any deceased person, etc. (2 Starr & Curt. Ann. Stat.—2d ed.—p. 1824).

Mrs. Schumaker was also an incompetent witness, because she was interested in having the street opened or dedicated, as the strip 62 feet wide, lay just east of the 30 feet purchased by her, and, if the same was dedicated as a street, it would inure to her benefit, as it would make her lot a corner lot. Said section 2 of the act in regard to evidence provides that no "person directly interested in the event" of any civil action, suit or proceeding shall be allowed to testify when the adverse party defends as heir. Mrs. Schumaker being incompetent as a witness because of her interest, her husband, Joseph W. Schumaker, was incompetent. (*Treleaven* v. *Dixon,* 119 Ill. 548; *Way* v. *Harriman,* 126 id. 132; *Stodder* v. *Hoffman,* 158 id. 486; *Craig* v. *Miller,* 133 id. 300; *Crane* v. *Crane,* 81 id. 165; *Warrick* v. *Hull,* 102 id. 280; *Best* v. *Davis,* 44 Ill. App. 624). The plaintiff in error, and Mrs. Schumaker, and her husband, are the only witnesses, who testified to the verbal arrangement said to have been made with Frederick Sulzer in his lifetime, and, their testimony being incompetent, there was no competent evidence establishing the verbal agreement alleged to have been made.

It also appears from the evidence that, at the time when the verbal agreement in question is alleged to have been made, Frederick Sulzer did not own the land lying north of the lots 8 and 9 here in controversy, and south of Cullom avenue. A verbal agreement by him to extend a street through land, which did not belong to him, and dedicate the same to the city, could not have been valid. The proof shows that the land lying north of lots 8 and 9 was not conveyed to the defendants in error until long after the death of Frederick Sulzer.

It is also contended by plaintiff in error that a certain endorsement upon a duplicate copy of the original agreement of December 7, 1891, was improperly admitted. This

endorsement bears date April 19, 1899, and is as follows: "This contract performed by delivery of deed dated April 3, 1899, and mistake in description herein corrected by deed.— Julia Schneider, by Henry P. Kranz, her agent." It is not necessary to discuss the question whether this endorsement was properly or improperly admitted, for the reason that the plaintiff in error could have suffered no injury from its admission. This is so, for the reason that the deed of April 3, 1899, recites upon its face that it was executed in pursuance of the contract of December 7, 1891. The Statute of Frauds was pleaded. The Statute of Frauds was properly pleaded by the defendants in error in their answer to the bill, and, in view of what has already been said, we think that the statute was applicable to the present case.

For the reasons above stated, we are of the opinion that the decree of the circuit court in dismissing the bill was correct.

Accordingly, the decree of the circuit court is affirmed.

*Decree affirmed.*