## Cesar Antognoli v. Congregation O'Have Zedek.

### Gen. No. 13,726.

FORCIBLE ENTRY AND DETAINER—*effect of introduction of sheriff's deed.* In an action of forcible entry and detainer where the right of possession is predicated upon a sheriff's deed, it is not sufficient

Antognoli v. O'Have Zedek.

alone to introduce such deed, but proof of the validity of the proceedings upon which it is predicated is essential.

Forcible entry and detainer. Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed March 6, 1908.

LEONARD FISKE and GALLAGHER & MESSNER, for plaintiff in error.

LOUIS GREENBERG, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The certificate of the trial judge shows that plaintiff in error offered in evidence (1) the sheriff's deed to Pirola; (2) a quit claim deed from Pirola and his wife to plaintiff in error; (3) a demand in writing for the possession of the premises in question served upon the defendant in error by plaintiff in error; and (4) it was admitted that the defendant in error was at the time of the trial in possession of the premises in question, and that the action was properly brought under the Forcible Detainer Act.   To the foregoing evidence defendant in error interposed no objection.   The plaintiff in error then rested his case.

Defendant in error then moved the court to dismiss the case for want of proof of a valid judgment and a valid execution thereon, and rested his case without offering any proofs.

The question presented by the record is as to the proof necessary to be made in an action of forcible detainer, where the right of the plaintiff to possession is predicated upon a sheriff's deed.   Is the deed alone sufficient when it recites the judgment, and the execution issued thereon, and the sale of the premises by the sheriff under the execution without objection; or must the plaintiff, in addition thereto, prove a valid judgment and a valid execution issued thereon, to make a complete case?

Counsel for plaintiff in error concedes in argument that where the plaintiff's right to possession, as in this action,

is based on a sheriff's deed, it is necessary for the plaintiff to show a valid judgment and a valid execution, but urges that when the deed is offered and received in evidence without objection from the defendant the latter cannot be heard to say such deed is not valid. Counsel cites in support of this contention Jackson v. Warren, 32 Ill., 331; Schneider v. Sulzer, 212 Ill., 87, and Starr & Curtis's Stat., vol. 2, chapter 77, section 33.

The section of the statute above cited is as follows:

"Any deed which has been heretofore, or which may hereafter be so executed, or a certified copy of the record thereof, shall be *prima facie* evidence that the provisions of the law in relation to the sale of the property for which it is or may be given were complied with; and in case of the loss or destruction of the record of the judgment or decree, or of the execution or levy thereon, such deed or certified copy of the record thereof shall be *prima* [*facie*] evidence of the recovery and existence of the judgment or decree and issuing and levy of the execution as therein recited."

The first clause of this section, by its terms, makes the sheriff's deed or a certified copy thereof *prima facie* evidence that the provisions of the law have been complied with in relation to the sale of the property. It does not make it evidence of the validity of the judgment and execution. The last clause of the section makes it evidence of the recovery and existence of the judgment or decree and the issuance and levy of the execution as therein stated, in case of the loss or destruction of the record of the judgment or decree of the execution or levy thereon.

In Jackson v. Warren, *supra,* it was stipulated "that all the proceedings were regular up to the foreclosure sale, and when the Master's deed was offered in evidence, the appellant made no objection to it," and the court held that having once recognized it as a valid deed, "he cannot now say it is not valid." A very different question was there under consideration, and we do not think the case is in point here. And the same is true of Schneider v. Sulzer, *supra.*

In Johnson et al. v. Baker, 38 Ill., 98, a forcible de-

tainer action, it was said at page 101: "As the law stood before the passage of this amendatory act (Act of 1861), title could not be inquired into for any purpose in this action. Nor can it now, but the plaintiff claiming the right to recover as a purchaser at a sheriff's sale, must show that his purchase conformed to the law authorizing the officer to sell. To do this he must produce a valid judgment, an execution and a deed for the premises on a sale by the sheriff under such a judgment." This rule is quoted with approval in Kepley v. Luke, 106 Ill., 395–397, and was reaffirmed in Kratz v. Buck, 111 Ill., 40–47.

On the above authorities we are of the opinion that plaintiff in error did not make out his case by the evidence offered, and the judgment of the court below is affirmed.

*Affirmed.*