## Charles J. Off, Appellant, v. Veda C. Murphey, Appellee.

CONTRACTS—*when parol evidence incompetent.* Parol evidence is not competent to vary, add to or contradict the terms of a written contract.

Assumpsit. Appeal from the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

GEORGE J. JOCHEM, for appellant.

CHIPERFIELD & CHIPERFIELD, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by appellant against appellee. A trial was had upon the issue joined and judgment rendered against the plaintiff in bar of action and for costs. The third count of the declaration, upon which the case was tried, avers that on July 16, 1904, the defendant made her certain agreement in writing with one P. W. Meehan, which said agreement is in words and figures following, to wit:

"For and in consideration of the selling and delivering to me upon a bill of sale, by W. P. Meehan, (1) of all of the stock of groceries, provisions, flour, boots, shoes and all other goods and merchandise of every kind and character in the building on the west side of the Public Square in Cuba, Illinois, and known as the P. W. Meehan Store Building, being the same stock of goods lately sold and delivered by bill of sale from E. H. Murphey & Co. to P. W. Meehan and (2) of the selling and setting over to me by bill of sale, of the books and book accounts lately due and owing to the said E. H. Murphey & Co., and sold and delivered by a bill of sale from E. H. Murphey & Co. to P. W. Meehan, on the 16th day of July, 1904, (3) I hereby assume the payment of all bills due and owing

to the following creditors of the said E. H. Murphey & Co., to wit: Charles J. Off & Co., (and nine other creditors specified in said agreement).

"In witness whereof I have subscribed my name hereto this 20th day of July, 1904.

VEDA C. MURPHEY   [SEAL]."

The said count further avers that by said agreement, the defendant bound herself to pay certain debts of the said E. H. Murphey & Co., by reason of the conveyance of the aforesaid goods, and that the debt to plaintiff was and is one of the debts referred to and included in said agreement; that the said defendant had before the commencement of this suit, acquired a good and complete title to the goods aforesaid, and that by reason of the premises the defendant became liable to pay to the plaintiff the said sum in said contract mentioned when she should be thereunto after requested, etc.

To the declaration the defendant pleaded the general issue and a special plea averring that the said agreement in the declaration mentioned was without consideration, because at the time of the execution thereof the said Meehan had no interest of any kind in the stock of goods in question, which were then and had been for a long space of time, the sole property of Murphey & Co.; that said alleged bill of sale in the said agreement mentioned from Murphey & Co. to Meehan, was without consideration; that the said Meehan was not liable to pay any of the debts of Murphey & Co. mentioned in said agreement; that by reason thereof he did not thereby have or obtain any interest in said stock such as to enable him to transfer the same to the defendant; that the original transfer thereof by Meehan to the defendant was without consideration and that the said stock remained the sole property of Murphey & Co., and not that of the defendant.

The evidence discloses that on July 16, 1904, E. H. Murphey was engaged in the general merchandise busi-

ness at Cuba, Illinois, under the name and style of
E. H. Murphey & Co., and that Veda C. Murphey,
his wife, the appellee herein, was engaged in the prac-
tice of medicine in the same city.  On the day in ques-
tion Murphey was financially involved, being indebted
to various persons, among others the appellant, and
one Thompson, representing the appellant and other
Peoria creditors, with full authority to act, went to
Cuba and informed Mrs. Murphey of the financial
condition of her husband, of which she was not then
aware, and procured her to execute the agreement
hereinbefore set forth.  Thereafter the present suit was
instituted for the recovery of the amount due appel-
lants from Murphey & Co. at the time of the execution
of said agreement.

Some evidence was introduced as to what was said
by Thompson and Mrs. Murphey prior to the time
the contract was signed.  Such evidence was not com-
petent to vary, add to or contradict the terms of the
contract, which was written, and imports on its face
to be a complete expression of the whole agreement
between the parties.  Schneider v. Sulzer, 212 Ill. 87.
The contract is the basis of the action and its terms
must govern the right of recovery in the present suit.
We are of the opinion that the judgment of the Circuit
Court should be affirmed.

The evidence discloses that the appellee did not at
the time of the signing of the agreement, nor at any
time thereafter, receive anything of value on account
thereof; that she never thereafter participated in the
management of the business in any way; that any
goods shipped by appellant in her name, were shipped
without her consent and were not received by her.
Meehan testified that no transfer of the goods or ac-
counts was ever made by him to appellee; that in July,
1904, he owned no interest in the stock of merchandise
that Murphey had owned; that while he had a bill of sale
for it for a short time, he paid nothing for the stock;

that the bill of sale was returned by him to Murphey four days after he received it; that he never took possession of the store, and that he had no knowledge of the execution of the contract in question.

It is urged and argued by appellant that the evidence shows that appellee promised to pay appellant the debt due to him from her husband, upon consideration that he forbear bringing suit against him; that by such forbearance appellant was delayed and Murphey was benefited, thereby constituting a sufficient consideration for the promise of appellee to pay the debt. Some extraneous parol evidence was admitted tending to show such state of facts, but we regard it as far from sufficient to establish an agreement for forbearance as claimed. It was, however, as we have said, wholly incompetent, and it therefore was not error for the court to refuse to give the sixth and seventh instructions offered by plaintiff upon the question of forbearance. This view justifies the rulings of the court on the other instructions of which complaint is made.

The judgment of the Circuit Court is affirmed.

*Affirmed.*