**ALLISON v. WILBARGER COUNTY et al.**

No. 3358.

Court of Civil Appeals of Texas. Amarillo.
Feb. 12, 1930.

Berry, Stokes, Warlick & Gossett, of Ver-non, for appellant.

R. R. Donaghey, of Vernon, for appellees.

JACKSON, J. This is an injunction suit instituted in the proper court by the appel-lant, A. Allison, against the appellees, Wil-barger county and the members of its com-missioners' court, praying for a temporary injunction to restrain the appellees from opening a public road across appellant's farm and that upon a final hearing the injunction be made permanent.

The record discloses that on January 21, 1929, the requisite number of freeholders, aft-er 20 days' notice that application therefor would be made, in which notice the road was described as in the petition thereafter filed, petitioned the commissioners' court of said county, praying that a public road of the first class, 40 feet in width, be estab-lished, having its points of beginning and ending as follows:

"Beginning in the center of public road on the S. line of Sec. #46, Block 12 of the H & T C Ry. Co. Surveys in said County and State at the S. E. Cor. of a certain tract of land out of said Sec. 46, owned by Luther Webb; thence S. 72° W to the N. E. Corner

of a certain tract owned by Lilly Halford out of Sec. #45, Block 12; thence S. 18° E with E. Line of said tract and E. line of Brit Halford tract to N. line of Sec. #44, Block 12; thence S. 72° W to the N. E. Corner of W. ½ of #44; thence S. 18° E to the S. E. Corner of said W. ½ of #44; thence S. 72° W to the N. E. Corner of a certain tract out of #43, Block 12, owned by Frank Minarik; thence S. 18° E to public road on south line of #43, Block 12.

"And your petitioners ask that a jury of view be appointed to lay out and mark and establish said road and to assess damages."

That on March 19, 1929, the commissioners' court considered said petition and appointed a jury of view to lay out said road, describing the beginning, ending, and routing of the road, in their order, appointing the jury of view exactly as described in the petition requesting that the road be established. The jury of view was also directed to assess damages to landowners, etc. That the jury of view took the proper oath for the discharge of their duties. That the landowners were properly notified that the jury of view had been appointed to lay out the public road, giving a description of the beginning, routing, and ending of the road, as the same was given in the petition therefor. That the jury of view proceeded to view, lay out, survey and describe, and recommend that a first-class road be established, with field notes locating the road as described in the petition therefor and the order made by the commissioners' court and the notice given to the landowners, until it reaches the N. E. corner of the W. ½ of survey No. 44, and continues:

"Thence S. 18° E. 945 vrs. cross N. line of Sec. #43, 1776 vrs. to the center of road on south line of said Sec. 43; Thence S. 72° W. with the center of said road 909.7 vrs. to the S. E. corner of Frank Minarik 80 acre tract, the above line being the center of a first class forty foot road between the two points above mentioned."

The jury of view made its report to the commissioners' court and assessed the damages to the landowners, which report was adopted by the court and the road ordered opened.

Appellant prosecuted an appeal from the action of the commissioners' court to the county court on the amount of damages he was awarded. That he later instituted this suit, a temporary restraining order was granted in chambers on July 1, 1929, and a temporary restraining order issued. That on September 13, 1929, the defendants answered by general demurrer and general denial, and, after a hearing, appellant's writ for permanent injunction was denied, the temporary order theretofore issued was dissolved, but the judgment of the trial court was suspended pending final termination of the suit on appeal.

A copy of all the proceedings relative to establishing the road was attached to and made a part of appellant's petition, and the record of the commissioners' court disclosing such proceedings was introduced in evidence.

The appellant bases his right to an injunction on his allegations that no public necessity ever existed for the road, that the jury of view reported upon and the commissioners' court is about to open a road entirely different from the road petitioned for, as there is a fatal variance in the descriptions between the road which was sought to be opened by a petition of freeholders and that which was directed to be opened by the order of the commissioners' court, and that the amount of damages assessed in behalf of appellant by the jury of view had not been paid, or tendered, or secured, and that he had not received any notice of any deposit to his credit or order.

Art. 6705, R. C. S., provides:

"The commissioners court shall in no instance grant an order * * * for any new road * * * unless the applicants have given at least twenty days notice by written advertisement of their intended application, posted up at the court house door of the county and at two other public places in the vicinity of the route of such road. All such applications shall be by petition to the commissioners court, signed by at least eight freeholders in the precinct in which such road is desired to be made or discontinued, specifying in such petition the beginning and termination of such road," etc.

■ Where the jurisdiction of the commissioners' court to lay out and establish a new road is involved, as in this case, by a petition of freeholders, the court is required to act in substantial compliance with the statutes and is without power to act except in substantial compliance with such statutes. Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162, 1164; Owens v. Briscoe County (Tex. Civ. App.) 268 S. W. 963.

■■ The statute expressly provides that the petition to the commissioners' court to open and establish a new road shall specify "the beginning and termination of such road."

"The layout should in general follow the course named in the petition asking for it with substantially the same termini. It is not essential that the road be laid out upon the exact line prayed for in the petition, but it is sufficient if the correspondence is substantial. The local authorities, in acting on the petition, may exercise a reasonable discretion in varying the route proposed in the petition, as public interest would require, in order to procure a more practical route or to improve the alignment or grade but the only authority given to make changes is between the termini of the road described

in the petition and a considerable variance is permissible only where obviously necessary. Of course, a petition for one highway does not authorize the laying out of an entirely different one." 29 C. J. 457.

"The petition did not ask for a road commencing at or near the corner, but called for a road commencing at the corner, and the statute gave the commissioners no power to change it. The only authority given to make changes is between the termini of the road described in the petition." Farrelly et al. v. Town of Kane, 172 Ill. 415, 50 N. E. 118, 120.

"The application and the notice of intention to file same were defective, in that the description of the terminus of the proposed road was not sufficiently definite to comply with the statutory requirement that the termination of the road must be specified. * * * It leaves the termination to be thereafter fixed at any place along a line more than 1,000 varas long. Such application and notice were insufficient to give the commissioners' court jurisdiction to grant the application." Live Oak County et al. v. West (Tex. Civ. App.) 206 S. W. 965, 966.

It is held in Hankamer et al. v. Commissioners Court (Tex. Civ. App.) 154 S. W. 623, that notice given to a landowner of proceedings to open a road along an old county road was insufficient to put him on notice that the new road would be opened over his land, where such land was not crossed by the old county road.

"The jurisdiction of the court to locate, establish, and open a road by condemnation proceedings at the instance of petitioning freeholders must be invoked by presenting a proper and sufficient petition therefor. * * * One of the statutory requisites for such petition is that it shall specify the beginning and termination of the proposed road." Haverbekken v. Coryell County, 112 Tex. 422, 247 S. W. 1086, 1088.

"The special commissioners must consider, pass upon, and condemn the land sought to be condemned in the petition, and notice of which is given as required by law to the owners. The consideration of and order condemning another and different portion of land is without authority in law, and void." Wilson et al. v. Newton County et al. (Tex. Civ. App.) 269 S. W. 227, 228.

It is clear that the 20 days' notice given by the freeholders that application would be made to the commissioners' court for the new road; the petition for such road; the order of the commissioners' court appointing a jury of view to lay out such road; and the notice served by the jury of view, described for the road land of appellant entirely different from the tract of appellant's land condemned by the commissioners' court on recommendation of the jury of view. Appellant may have waived the notice as to the damages on the land taken under order of the court, by contesting the sufficiency of the amount allowed and prosecuting his appeal to the county court, but if he had been advised by the 20 days' notice, which the freeholders are required to give in order to invoke the jurisdiction of the commissioners' court, that the land condemned by the commissioners' court was the part of his land desired for the road, he could have appeared and resisted the courts' taking any action on the petition.

Judge Phillips says, in Haverbekken v. Hale, supra:

"His appearance at those stages of the proceeding cannot be said to have secured to him the opportunity of appearing before the Court at the time it made its original order on the petition by appointing the jury of view which it is to be presumed the prescribed legal notice of the petition would have afforded. It was clearly his right, we think, to appear before the Court at that time to resist any action on the petition, if he had just grounds for such resistance. It was his right to then appear to contest the averment of the petition that it was signed by the required number of freeholders, or to resist the appointment of any but a fair jury of view, if justified in such action. True, the statute is silent in respect to the proceedings of the Court in its original action on the petition, but it clearly contemplates that the land owners to be affected as well as others having an interest in the laying out of the road may be then heard upon the petition as to all matters fairly relevant to the proposal and the Court's action thereon."

▌ The statute requires that the beginning and termination of the road be given in the petition, and the courts have held that a substantial compliance with the statute is essential to a valid proceeding of this kind.

The record shows that the proposed road, as petitioned for and ordered surveyed, was to have its terminus in a public road extending along the south line of section 43, and that such terminus should be located in said road south 18° east from the northeast corner of a certain tract of land owned by Frank Minarik, and that the new road as established under the order of the commissioners' court intersects the old public road lying south of said section 43, 909.7 varas east of such terminus and then follows said old road to the terminus of the new road as proposed in the petition therefor.

The appellee contends that the law was complied with because the old public road is followed to the proposed terminus of the new road. The appellant contends that this is not a substantial compliance with the statute, and that the proposed new road has for its terminus a point 909.7 varas east of where it was intended to be.

The length of the new road as originally petitioned for was approximately 2½ miles. The length of the new road surveyed and opened was approximately 2 miles. We cannot presume that the freeholders who gave the notice and filed the petition for the opening of the new road would have instituted the proceedings for the road if it was to intersect the public road then in existence approximately ½ mile east of the place they designated as the terminus of the road. The record also discloses that the beginning point of the proposed new road is in an old, established road; that the terminus of the new proposed road can be reached by following already established public roads, and we are confident no one would contend that going from the beginning to the terminus of the proposed road by following already established roads would be a compliance with the statute.

It is our opinion under this record that the trial court should have entered a judgment granting the appellant a perpetual injunction against the appellees as prayed for and the judgment is, therefore, reversed and here rendered, that appellant have a perpetual injunction against the appellees.

HALL, C. J., not sitting.