## Pierce and Caldwell, Appellees, v. W. L. Powers and Massachusetts Bonding & Insurance Company, of Boston, Appellants

CONTRACTS—*waiver of conditions.* The parties may waive the conditions in a contract under seal by parol and when so waived the conditions are abrogated.

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed March .18, 1913. Rehearing denied April 16, 1913. *Certiorari* denied by Supreme Court (making opinion final).

FRANCIS R. WILEY, for appellants; WILLIAM MCGINLEY, of counsel.

BUCKINGHAM & GRAY, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

On January 10, 1910, W. L. Powers entered into a contract with Pierce and Caldwell wherein he agreed to build for them a concrete bakery in Decatur, Illinois, according to plans and specifications furnished by one Aschauer, an architect; he was to receive as the contract price, $14,923. The Massachusetts Bonding and Insurance Company, appellant, furnished a surety bond guaranteeing the performance of this contract by Powers in the sum of $7,500. This action is upon that bond.

The contract provided that the building should be commenced as soon as the weather conditions permitted and that the same was to be completed according to the plans and specifications, June 15, 1910; this contract also provided that if at any time Powers, the contractor, failed to furnish a sufficient number of skilled workmen or the proper material or amount of material, and for any failure to prosecute the work

with promptness, Pierce and Caldwell might discharge him, upon three days' notice, upon the architect's certificate showing such default. The contract further provided that in the event of the discharge of Powers and the completion of the building by appellees, the expense and damage by reason thereof should be audited and certified by the architect and be conclusive upon both parties. It provided, further, that Powers should be paid only upon the certificate of the architect, such payments to be made monthly and only eighty-five per cent. of the amount due to be paid.

The provisions of the contract were all incorporated in the bond and made a part thereof. This bond provided that appellant should not be liable unless given notice of any default on the part of Powers in writing promptly and immediately upon knowledge of such default, and in any event not later than thirty days after the default and that in case of default, the surety company should be subrogated to all his rights in the premises.

Powers began the work; he was paid $3,400 on the architect's certificate, on May 14; this was the first and last payment made to him. On May 30, plaintiffs accepted an order from him and paid $1,460 to one C. A. Turner, which plaintiffs claim should have been paid by Powers out of the $3,400 paid him on May 14. They immediately notified appellant by letter of this fact, and although appellant denies receiving this letter, the record discloses that it was written and mailed, properly directed, with postage paid, and although appellant denies its receipt, it did within a short time thereafter send a representative to Decatur to investigate this question. On May 30, it notified appellees that it was sending one Roberts to look after its interests. We think the preponderance of the evidence is sufficient to justify the conclusion that the letter was received by them.

All other payments made while Powers or his foreman remained in charge of the building were paid

direct to the laborers and material men. In this manner $13,154.30 was paid; they were paid without any certificate of the architect.

Appellees contend that when Roberts arrived, he directed them to go ahead and get all they could out of Powers, to push the work as fast as possible, but to pay Powers no more money. Powers was discharged on September 27, when the foreman whom he had had at work upon the building quit the job. Proceedings were had for mechanics' liens by material men for material furnished for this building; these proceeded to final judgments and the liens were obtained which were satisfied by appellees.

A continual correspondence was kept up between appellees and appellant concerning the condition of the building and its progress and the default of Powers. In all the correspondence on the part of appellant they proverbially added the clause, "We reserve all our rights." Appellant was kept fully notified of the defaults and failure to carry out the contract by Powers. On numerous occasions they sent their representative to Decatur to make reports upon the progress and condition of affairs. Trial was had without a jury and appellees recovered a judgment for $5,250.81

Appellants insist that this judgment should be reversed, urging as reasons therefor that appellees did not comply with the terms of the contract of surety and insist that it was incumbent upon appellees to show positive proof of notice to it, by the receipt of the letter notifying it of the first default on the part of Powers, and that they violated the provisions of the contract in paying out any money except upon certificates of the architect, and that they violated the provisions of the contract which required them to retain fifteen per cent. of the amounts due upon the monthly certificates made by the architect; and contend that the contract being under seal could not be varied or altered by parole, and that appellees were bound by

its strict provisions. While it is true, as contended, that a contract under seal cannot be varied by parole, the law is well settled that the parties to the contract may waive its conditions by parole, and when waived by parole the conditions are abrogated in the contract. *Becker v Becker*, 250 Ill. 117, and cases cited therein.

We are satisfied from the evidence disclosed in this record that the representative of appellant was authorized and did waive the conditions of the contract, and that appellees were authorized and properly acted under such waiver. There is no claim upon this record but what if appellant is liable, the judgment is for the proper amount.

Propositions of law were submitted and passed upon by the trial court, and those held are in conformity with the views herein expressed. From a careful examination of all the propositions submitted and held or refused, we are satisfied that the trial court committed no error.

This judgment being the only one the court could properly render, it is affirmed.

*Affirmed.*