James H. McQueeny, Plaintiff-Appellant, v. Robert W. Daily and Ruth Daily, Defendants-Appellees.

Gen. No. 11,052.

Second District, Second Division.
September 16, 1957.
Released for publication October 4, 1957.

Sidney N. Ware, of Elmhurst, for appellant.

No brief filed for appellee.

JUSTICE WRIGHT delivered the opinion of the court.

This is an appeal from a judgment entered in favor of the defendants by the County Court of DuPage county, sitting without a jury, in an action for damages for alleged breach of contract for the sale and conveyance of real estate.

The case was originally instituted in a Justice of the Peace Court and hence there were no written pleadings filed.

The material facts as brought out by the evidence at the hearing in the trial court discloses that on August 17, 1954, the plaintiff and defendants entered into an agreement in writing, for the sale by the plaintiff and the purchase by the defendants of a certain parcel of real estate including a dwelling, located in the city of Wheaton, Illinois.

The provision of the contract out of which this litigation arose is found in Paragraph 3 thereof, and is as follows:

"Buyers shall be entitled to full possession of the property on or before ten days after the closing date."

The closing date, as shown from the statement of closing, was October 2, 1954. Defendants took possession of the property on or about September 3, 1954,

and rented out some of the rooms and collected rent therefor. Defendants, at the time of taking possession of the property, moved some of the plaintiff's furniture from the house and stored it in the garage and at another place in Downers Grove, Illinois.

Plaintiff contends that the defendants violated the provision of the written contract by taking possession of the property before closing date, and claims damages for the amount of rent collected by defendants prior to the closing date, and damages for the furniture which was removed from the house.

The principal error assigned by the plaintiff is that the court erred in admitting evidence offered on behalf of the defendants to show that the provision of the written contract, with reference to the time of taking possession of the property, was modified or altered by a parol agreement.

Evidence was admitted over the objection of the plaintiff that the plaintiff orally agreed and stated to the defendants that they might go into possession prior to the closing date. Evidence was also admitted over the objection of the plaintiff that the plaintiff contacted some of the utility companies prior to the defendant going into possession, and requested that utility services be changed from his name to that of the defendants.

■ It may be stated as a general principle of law, as laid down by numerous decisions of our Supreme Court, that when the language of a written contract is plain and unambiguous, proof aliunde cannot be heard to contradict or vary its terms, or give it a meaning inconsistent with the language used in the instrument. Wagner v. McClay, 306 Ill. 560; Schneider v. Sulzer, 212 Ill. 87; Telluride Power Co. v. Crane Co., 208 Ill. 218; Town of Kane v. Farrelly, 192 Ill. 521.

■■ The law is equally well settled that a party to a written contract may waive certain provisions thereof by parol agreement, and such waiver may be

479

■■■■■■■■

shown by parol testimony or may be shown by facts and circumstances sufficiently indicating an intention to waive, and a new consideration is not necessary. Becker v. Becker, 250 Ill. 117; Pierce v. Powers, 180 Ill. App. 687.

In Becker v. Becker, supra, at pages 124 and 125 the court said:

"There can no longer be any contention in this State over the general rule insisted upon by appellee, that a sealed executory contract cannot be altered, changed or modified by parol agreement. This rule of the common law has been adopted by this court and consistently followed in a long line of unbroken authorities,"—citing Chapman v. McGrew, 20 Ill. 101; Hume Bros. v. Taylor, 63 id. 43; Barnett v. Barnes, 73 id. 216; Loach v. Farnum, 90 id. 368; Goldsborough v. Gable, 140 id. 269.

"The rule announced in these cases, and others in line with them, is too firmly established by the decisions of this court to be seriously controverted at this time. Conceding the full force of the rule above announced, there is a well defined distinction between a parol contract which adds to or modifies the terms of an executory written contract under seal, and a parol agreement made by the parties by which some of the covenants in such written contract are waived by the party for whose benefit such covenant was inserted. Where a party to such written instrument by some affirmative action on his part induces the opposite party to believe that the strict performance of a covenant will not be insisted upon or that the same will be waived, and such other party fails to perform the covenant through the influence or request of the covenantee, in equity such party will be estopped to insist that the written contract is no longer obligatory upon him because of the nonperformance of such covenant. A waiver of a covenant by the party for whose benefit it is inserted into a written instrument may be

480

made by parol, and such waiver is held not to be a modification or change in the terms of the original agreement."

Plaintiff contends that the evidence which was admitted was introduced for the purpose of proving that the written contract had been altered, changed or modified by a parol agreement between the parties, and that such evidence is improper and not admissible. With this contention we cannot agree. The parol agreement entered into by the plaintiff and defendants did not change or modify the language of the written contract, but merely waived the provision as to the time when defendants might take possession.

A waiver which does not modify or alter the terms of the original written instrument may be by parol.

■ We conclude that the trial court did not commit error in admitting evidence in this case to show that the plaintiff, by a parol agreement, waived the provision of the written contract with reference to the time when defendants might take possession of the property.

It is undisputed that the defendants moved some of the plaintiff's furniture from the dwelling at the time of taking possession and subsequent thereto, but it is not clear whether or not defendants were given the permission to remove the furniture. Be that as it may, the record is silent as to any damages done to the furniture as a result of the moving. That being the case, there is no basis for a judgment to be entered for damages to the furniture.

For the reasons herein stated, the judgment of the trial court is affirmed.

Judgment affirmed.

CROW, P. J. and SOLFISBURG, J., concur.