BEVERLY BANK, Plaintiff-Appellee, *v.* ALSIP BANK,
Defendant-Appellant.

First District (5th Division)    No. 80-2900

Opinion filed May 14, 1982.—Rehearing denied June 18, 1982.

Steven D. Rakich and Jeffrey M. Weston, both of Friedman, Weston, Sternberg & Rakich, of Chicago, for appellant.

William M. Smith, of Coakley & Smith, of Oak Lawn, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from the entry of a summary judgment against it contending that the trial court erred (1) in granting judgment because there were genuine issues of material fact, and (2) in denying its motion for judgment on the pleadings.

Material to our disposition are the following facts.

This action arose out of a loan participation agreement between the plaintiff, Beverly Bank, and the defendant, Alsip Bank. A loan participation agreement is an instrument in banking whereby two or more banks each provide a portion of the funding for a loan considered to be too large to be made by one individual bank. The bank which coordinates the loan participation transaction and makes the actual loan, in this case the Alsip Bank, is referred to as the "lead bank." A participating bank is one which purchases an interest in the lead bank's loan to the borrower.

Ordinarily, there is only one note involved and that extends between the borrower and the lead bank.

In the present case, John Ziola, Jr., the owner of the beneficial interest in a land trust, directed the plaintiff, as trustee of the land trust, to borrow $420,000 from the defendant. The plaintiff purchased a one-third participation interest in this loan, pursuant to the terms of a loan participation agreement. The security for the loan was a first mortgage on real property which was the corpus of the land trust. The loan participation agreement and a collateral assignment of the beneficial interest in the trust, executed by Ziola, were both dated November 9, 1973.

The participation agreement provided in pertinent part:

"It is expressly understood that we do not make any representations or assume any responsibility with respect to the * * * collectability of said note or the collateral securing the same and that, subject to the limitations set forth below, we are entitled to use our

discretion with respect to exercising or refraining from exercising any rights or * * * which we may be entitled to take or assert under the terms of said note and that, although we will exercise the same care to protect your interest as we do to protect our own. We shall not, so long as we exercise such care, be under any liability to you with respect to anything which we may do or refrain from doing in the exercise of our judgment * * *."

The "limitations set forth below" provided that "we will not, without your consent, * * * (d) sell, assign, or transfer any of the collateral; * * *."

In September of 1974, defendant approved an assignment of the beneficial interest in the land trust from Ziola to Phillip Grandinetti. The receipt of this assignment was executed by plaintiff, as trustee of the land trust. In June of 1975, Grandinetti filed bankruptcy proceedings under chapter XI of the Federal Bankruptcy Act in the Federal district court, thereby subjecting the participation loan to the jurisdiction of the bankruptcy court.

Plaintiff filed a two-count verified complaint in the law division. Count I alleged that, "pursuant to the terms of the participation agreement and the intent of the parties," the defendant had breached its duty as trustee of an express trust to protect and preserve the collateral, and had violated the participation agreement by allowing the assignment without the plaintiff's approval.

Count II was based upon breach of defendant's duty as trustee of an express trust to foreclose on the trust deed, or to take any affirmative action to preserve the collateral. Both counts alleged that plaintiff was free from contributory negligence.

Defendant moved for summary judgment before it filed an answer, arguing that the exculpatory clause contained within the participation agreement absolved it from liability arising out of any duties as trustee. The motion urged, *inter alia*, that the exculpatory clause did not violate public policy, and that the agreement did not prohibit the assignment of the beneficial interest in the collateral.

A cross-motion for summary judgment was filed by plaintiff which argued that the exculpatory clause violated public policy; that the defendant's motion for summary judgment admitted that there were no issues of fact and admitted the trustee relationship; and it was damaged because the change of beneficiary altered the total collateral package.

Plaintiff's reply to defendant's memorandum in support of its motion for summary judgment further alleged that the unauthorized release of collateral violated the participation agreement.

Defendant filed a verified answer denying, *inter alia*, (1) that it had or violated any duties as trustee to protect the collateral, or (2) that the

assignment was made without plaintiff's consent or knowledge. The defendant also asserted two affirmative defenses to which the plaintiff did not file a reply.

Defendant moved to amend the caption of its motion for summary judgment to that of a motion for judgment on the pleadings, although it did not otherwise alter the substance of the underlying motion. Citing *Freeport Construction Co. v. Star Forge, Inc.* (1978), 61 Ill. App. 3d 999, 378 N.E.2d 558, defendant argued that the court had the authority to look to the intention of the pleader and not be bound by the caption of the pleadings.

During a hearing on these motions, the trial court asked the attorneys if it was uncontested that there was no consent to the assignment. Defendant's attorney responded that "[t]here was no written consent, Your Honor, and as far as I know there is no verbal consent."

Following this hearing, the trial court specifically reserved ruling on whether the exculpatory clause was against public policy but found that there was no genuine issue dealing with the question of consent because notice did not appear to be involved in the agreement. The court found that the assignment violated the participation certificate and entered an order (1) granting defendant's motion to amend caption; (2) denying defendant's motion for judgment on the pleadings; and (3) granting plaintiff's motion for summary judgment as to liability only.

Plaintiff's motion for summary judgment as to damages in the amount of $193,483.47 was subsequently granted, following which this appeal was taken.

OPINION

The first question presented for review is whether the defendant's motion for judgment on the pleadings was properly denied and for the reasons set forth below, we agree.

■■ For the sake of clarity, we note here that a motion for judgment on the pleadings attacks the sufficiency of plaintiff's complaint as a matter of law (*Johnson v. Town of the City of Evanston* (1976), 39 Ill. App. 3d 419, 350 N.E.2d 70; Ill. Rev. Stat. 1979, ch. 110, par. 45), while a summary judgment motion should be entertained only if the movant does not contest the legal sufficiency of the opponent's pleading. *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605; see also Laycock, 9 Loy. Chi. L.J. 823, 839 (1978).

In the present case, the defendant amended the caption on its motion for summary judgment to a motion for judgment on the pleadings without amending the body of its motion, the contents of which still sought summary judgment.

■■■ Since an amended pleading does not supersede a prior pleading

unless it is complete in itself and does not refer to or adopt the prior pleading (*Gardner v. Village of Chicago Ridge* (1966), 71 Ill. App. 2d 373, 219 N.E.2d 147), we find that defendant's motion as amended did not operate as an attack on the sufficiency of plaintiff's complaint. Therefore, we conclude that defendant's motion for judgment on the pleadings was properly denied.

The defendant's brief also asserts a theory that the plaintiff's complaint fails to state a cause of action by arguing that the terms of the participation agreement did not establish an express trust.

Initially, we note that the record indicates that this argument was not raised by either the defendant's motion for summary judgment or for judgment on the pleadings.

■■ A party may not argue one theory to a trial court and another to the appellate court (*Westlake v. Moffitt* (1975), 30 Ill. App. 3d 597, 334 N.E.2d 198), and it is well established that an issue not presented to or considered by the trial court cannot be raised for the first time on review (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417) even in summary judgment cases. (*Smith v. Ashley* (1975), 29 Ill. App. 3d 932, 332 N.E.2d 32.) Thus, defendant has waived argument on this point.

We next consider whether any genuine issues of material fact exist which would bar the granting of plaintiff's motion for summary judgment as to liability.

The purpose of a summary judgment proceeding is not to try an issue of fact but rather to determine whether there is an issue of fact to be tried (*Cato v. Thompson* (1980), 83 Ill. App. 3d 321, 403 N.E.2d 1239; Ill. Rev. Stat. 1979, ch. 110, par. 57), and since the party opposing the motion has the right to trial by jury if there is a genuine issue of fact, the motion should be granted only when the right to it is clear and free from doubt. *Kitsos v. Terry's Chrysler-Plymouth, Inc.* (1979), 70 Ill. App. 3d 728, 388 N.E.2d 1054.

Plaintiff initially argues that defendant, by moving for summary judgment prior to filing an answer to plaintiff's complaint, admitted that there was no question of fact, but only of law.

■■ We note that the plaintiff also filed a cross-motion for summary judgment, and that neither plaintiff's nor defendant's motions were filed with supporting affidavits. The mere filing of cross-motions for summary judgment, as in the case at bar, does not establish that there is no issue of material fact, nor does it obligate the court to render summary judgment. (*M. Snower & Co. v. United States* (7th Cir. 1944), 140 F.2d 367.) The trial court must still independently determine whether a genuine issue of fact exists. (*Snower.*) Therefore, we do not agree that the nonexistence of a genuine issue of material fact was established by the filing of cross-motions in the case at bar.

We now turn to determine whether a genuine issue of fact exists in the present case. Having examined the record, we are of the opinion that the court erred in granting summary judgment as to liability.

In the trial court's opinion on the plaintiff's motion for summary judgment, the court stated its belief that there was no genuine issue dealing with the question of plaintiff's consent to the assignment, which would thereby act to preclude defendant's liability, because notice did not appear to be involved in the agreement.

Defendant argues that since plaintiff receipted the assignment, Beverly cannot subsequently argue that it did not consent to the assignment, as a matter of law. We agree.

■■ A party to a contract may, by express agreement or by his own course of conduct, waive his legal right to insist on strict performance of the covenants of a contract. (*Stewart v. Meyers* (7th Cir. 1965), 353 F.2d 691; *Chicago Sugar Co. v. American Sugar Refining Co.* (7th Cir. 1949), 176 F.2d 1, *cert. denied* (1950), 338 U.S. 948, 94 L. Ed. 584, 70 S. Ct. 486), and if certain provisions are waived by parol agreement, such waiver may be shown by parol testimony or may be shown by facts or circumstances sufficiently indicating an intention to waive. *McQueeny v. Daily* (1957), 14 Ill. App. 2d 477, 144 N.E.2d 805.

■■ Although the sufficiency of facts constituting such a waiver is a question of law, a determination of whether such facts exist in any given case is a question of fact for the jury. (*Stewart v. Meyers* (7th Cir. 1965), 353 F.2d 691.) Furthermore, assuming, *arguendo*, that defendant is bound by a judicial admission that plaintiff did not provide any written consent, nevertheless the defendant did not concede the issue with regard to any parol agreement or course of conduct by the plaintiff.

■■ In the present case, both parties agree that plaintiff receipted the assignment, but disagree on whether this constituted consent, and we find the language of the participation agreement to be ambiguous with regard to this issue. Similarly, we are not persuaded that the language of the agreement which prohibits the "sale or assignment of collateral" unambiguously includes the "sale or assignment of a beneficial interest in the collateral" as a matter of law.

While inferences may be drawn from undisputed facts, a motion for summary judgment should not be granted unless those facts are susceptible of but a single inference (*Amsted Industries, Inc. v. Pollak Industries, Inc.* (1978), 65 Ill. App. 3d 545, 382 N.E.2d 393), and if facts admit of more than one conclusion or inference, including one unfavorable to the moving party, a summary judgment should be denied. *Smothers v. Butler* (1979), 78 Ill. App. 3d 1018, 398 N.E.2d 12.

Applying the foregoing principles, we conclude that summary judgment was improper where the pleadings, exhibits, admissions and affi-

davits on file show that a genuine issue of material fact exists in the present case. *O'Brien v. Kawazoye* (1975), 27 Ill. App. 3d 810, 327 N.E.2d 236.

Since the trial court specifically reserved ruling on whether the exculpatory clause was void as against public policy, we need not address that issue here. In light of our decision, we do not reach the other issues involved in this appeal.

Accordingly, the summary judgment of the circuit court of Cook County in favor of plaintiff as to both liability and damages is reversed and remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.