LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. ALUMINUM COMPANY OF AMERICA, Defendant-Appellant.

First District (1st Division)   No. 86—0216

Opinion filed March 30, 1987.

Bullaro & Carton, Chartered, of Chicago (John J. Bullaro, of counsel), for appellant.

Keevers & Hittle, of Chicago (Kenneth A. Latronico, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

On August 18, 1967, H. H. Robertson Company (Robertson) entered into a sale agreement with the Aluminum Company of America (Alcoa) and Cupples Products Corporation (Cupples) to purchase all of the stock and assets of Cupples. Alcoa sold its ownership interests in Cupples pursuant to an order entered by United States district court in St. Louis. This order required Alcoa to divest itself of all ownership interests in Cupples.

Prior to entering into the sale agreement, Alcoa had entered into a contract with Tishman Company, dated September 20, 1965, relating to the construction of a curtain wall for the John Hancock Center in Chicago. In addition, Alcoa had entered into a subcontract with Cupples dated April 1, 1967, for performance of work on the curtain wall.

Under the terms of the sale agreement, Robertson assumed all of Cupples' obligations under the subcontract for work not completed prior to the closing date of the agreement. Alcoa expressly retained liability for any warranty or guarantee made concerning the John Hancock Center.

In 1982, Frank Whitmer, the owner of a condominium in the Hancock Center, filed a multiple-count personal injury complaint in the

circuit court of Cook County. Count I of the complaint was directed against Cupples, which had become a division of Robertson. This count alleged that Cupples negligently fabricated and installed the curtain wall, allowing automobile fumes to enter Whitmer's residence, causing him personal injuries.

Thereafter, Liberty Mutual Insurance Company (Liberty), Robertson and Cupple's insurer, filed a declaratory judgment action against Alcoa. This action sought a declaration that Alcoa, pursuant to the terms of the sale agreement, retained all liability for any and all claims with respect to the John Hancock project. Specifically, Liberty alleged that subparagraph 8(C) of the sale agreement and section 2(j) of the Hancock subcontract relieved Robertson of any potential liability arising out of the completion of the Hancock project. The complaint also sought recovery and reimbursement from Alcoa for all expenses incurred by Liberty in defending the Whitmer action.

Alcoa and Liberty both moved for summary judgment. The court denied Alcoa's motion and granted Liberty's motion, finding no obligation on the part of Liberty to defend Cupples or Robertson in the Whitmer action. The court ordered Alcoa to reimburse Liberty for its costs and attorney fees incurred in defending the underlying action. Alcoa appeals the trial court's orders denying its motion for summary judgment and granting Liberty's motion for summary judgment, attorney fees and costs.

We first consider whether entry of summary judgment for Liberty was proper in this case. Summary judgment should be entered only if the pleadings, depositions, admissions, and affidavits on file show that no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law. (*Beals v. Huffman* (1986), 146 Ill. App. 3d 30, 36, 496 N.E.2d 281, 286.) The court must strictly construe the evidence against the moving party and liberally in favor of the nonmoving party. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.) Since the party opposing the motion has the right to a trial on material issues of fact, the motion should be granted only when the right to summary judgment is clear and free from doubt. (*Beverly Bank v. Alsip Bank* (1982), 106 Ill. App. 3d 1012, 1016, 436 N.E.2d 598, 603.) With these general rules in mind, we consider the merits of Alcoa's arguments.

It is Alcoa's position that the court erroneously granted summary judgment for Liberty because there was a genuine issue of fact concerning Robertson's potential liability. Alcoa points out that the language contained in subparagraph 8(C) of the Alcoa-Robertson sales agreement, and section 2(j) of the Hancock subcontract, does not ex-

culpate Robertson for all liabilities in connection with Cupples' construction work on the Hancock Center. On the contrary, Alcoa argues that these provisions, where applicable, only relieve Robertson of liability for claims pertaining to work completed before the closing date and liability for claims sounding in breach of warranty or guarantee.

The language in question, in paragraph 8, provides in relevant part:

"8. *John Hancock Center* ***.

* * *

B. Alcoa has entered into a contract with Tishman Construction Company dated September 20, 1965 relating to the curtain wall for a project known as the John Hancock Center now under construction in Chicago, Illinois (Alcoa-Tishman Contract). Alcoa and Cupples have entered into a subcontract dated April 1, 1967, under the Alcoa-Tishman Contract (Hancock Subcontract). Copies of the Alcoa-Tishman Contract and the Hancock Subcontract have been given to Robertson. Subject to the written consent and approval of Tishman Construction Company, Cupples shall assign to Robertson and *Robertson agrees to assume and perform all of Cupples' duties, obligations and responsibilities under the Hancock Subcontract with respect to work not completed prior to the Closing Date*, except as otherwise provided in subparagraph C of this paragraph 8, and excepting the following provisions thereof:

Section 2 (j) (k) (l) and (m)
Section 3 (b) and (c)
Section 5 (a) and (c)
Section 7

* * *

C. *Robertson will assume no liability under any warranty or guarantee made or to be made by Alcoa or Cupples with respect to *** the John Hancock Project.* In the event that any Corrective Work (as defined in subparagraph B (4) of paragraph 4 of this Agreement) is required to meet the conditions of any such warranty or guarantee, ***." (Emphasis added.)

Section 2(j) required that all work by Cupples be performed in accordance with the "General Conditions" of the subcontract. The general condition in question, article A-7, provides as follows:

"*Article A-7. Liability.*

Cupples shall save and hold Alcoa, Tishman and/or Owner harmless from and against all liability, claims and demands on account of personal injuries (including death), or property loss,

or damage to others (including Cupples and employees and invitees of Alcoa, Tishman and/or the Owner and of Cupples) arising out of or in any manner connected with the performance of the Agreement, and caused by the negligent or wilful act or omission to act of Cupples, a subcontractor or materialman hereunder, or the employees or invitees of any of them, and Cupples shall at its own expense defend any and all actions based thereon and shall pay all charges of any and all actions based thereon and shall pay all charges of attorneys and all costs and other expenses arising therefrom."

The language in subparagraph 8(C) clearly demonstrates that Alcoa agreed to exculpate Robertson of liability for claims alleging breach of warranty or guarantee. It is evident on the face of the Whitmer complaint that his claim against Cupples only alleges negligence, not breach of warranty or guarantee. This subparagraph, therefore, does not exculpate Robertson for any liability arising from claims in the Whitmer complaint.

In addition, we fail to see how article A-7 of the general conditions of the subcontract bears on the present dispute. This article is merely an indemnification clause, that if Alcoa is sued Cupples will indemnify it. Since Alcoa has not been sued in the Whitmer action, this provision has no applicability in the instant case.

The trial court granted summary judgment for Liberty because it concluded that the above provisions exculpated Robertson of all potential liability in connection with work on the Hancock project. The provisions in question do not relieve Robertson of potential liability for any claims alleged in the Whitmer action. Thus, summary judgment in favor of Liberty was inappropriate.

The only remaining issue on appeal is whether summary judgment should have been granted for Alcoa. Alcoa points out that under the express terms of subparagraph 8(B), Robertson assumed all of Cupples' liabilities with respect to work not completed prior to the closing date. There is no evidence in the record to indicate that Cupples completed any work prior to the closing date. Indeed, there is no evidence that shows Cupples even began work on the project. Accordingly, we conclude that subparagraph 8(b) operates to cut off Alcoa's liability for work completed after the closing date. We reverse the trial court's denial of Alcoa's motion for summary judgment. Summary judgment should have been entered because there is no evidence that shows a material issue of fact concerning Alcoa's potential liability under the sales agreement.

To summarize, summary judgment was erroneously granted for

Liberty. The provisions in question do not exculpate Robertson of potential liability for Cupples' work on the Hancock project. Moreover, we granted Alcoa's motion for summary judgment because there was no basis to conclude that it had any potential liability under the sales agreement.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded with directions to enter summary judgment for Alcoa.

Reversed and remanded.

CAMPBELL and O'CONNOR, JJ., concur.