GELDERMANN, INC., Plaintiff,

v.

Harvey C. FENIMORE, Defendant.

No. 86 C 7891.

United States District Court,
N.D. Illinois, E.D.

June 18, 1987.

David B. Bayless, Kirkland & Ellis, Chicago, Ill., for plaintiff.

Stuart H. Verson, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Geldermann, Inc., a futures commission merchant, filed this breach of contract action against Harvey C. Fenimore, one of its customers. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332 (1982), and the complaint seeks damages exceeding (barely) the jurisdictional minimum. Presently before the Court is Geldermann's motion for summary judgment pursuant to Fed.R.Civ.P. 56(c). For the following reasons, this Court grants Geldermann's motion.

The complaint alleges that the parties entered into a customer agreement regarding Fenimore's desire to open a commodities trading account with Geldermann. Geldermann contends that from November 1984 to June 1986, it traded on Fenimore's behalf until the latter's account had a debit balance of $14,054.89, for which he now refuses to pay. The express terms of the agreement make Fenimore liable for payment of any money due as a result of trades on his account.

Few pertinent facts in this case are disputed. Fenimore readily admits that he opened an account with Geldermann on November 9, 1984, and maintains that he then executed a "Managed Account Agreement Limited Power of Attorney" granting authority to trade on his account to an individual named Roy Thorpe. Answer to Motion for Summary Judgment ("Def.Response"), Exhibit 1. It is undisputed that the debit amount has not been paid by Fenimore to Geldermann. The only issue Fenimore raises in his defense is that he revoked Thorpe's power of attorney on February 6, 1985, and that all ensuing trading on his account through June 1986 was entirely unauthorized. In essence, Fenimore argues that he is excused from performance because Geldermann either failed to fulfill its obligations under the contract or actually breached that agreement by engaging in the purportedly unauthorized trading during that period. Fenimore claims that at the time he revoked the power of attorney, his account balance was a *credit* of $1,507.24, and that any damages incurred by Geldermann resulted from its own unauthorized trading and not from his alleged breach.

Summary judgment is appropriate only where the moving party demonstrates that no genuine issue of material fact exists and that it is accordingly entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the burden of clearly establishing the absence of a triable fact issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Furthermore, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. *Dale v. Chicago Tribune Co.,* 797 F.2d 458, 460 (7th Cir. 1986), *cert. denied,* — U.S. —, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987).

In a typical breach of contract action under Illinois law,[1] the plaintiff must establish that there is a valid, enforceable contract, that it fulfilled its obligations under the contract, that the defendant breached the contract, and that the plaintiff was damaged as a result. *See Allstate Insurance Co. v. Winnebago County Fair Association,* 131 Ill.App.3d 225, 233, 86 Ill.Dec. 233, 248, 475 N.E.2d 230, 239 (2d Dist. 1985). Fenimore pled no affirmative defenses or counterclaims in his answer and relies solely on his claims of unauthorized trading to defend Geldermann's suit. As we have already noted, Fenimore concedes that he entered into the agreement with Geldermann. Indeed, he admitted in his deposition that he signed the agreement after having had an opportunity to read it, although he chose not to take advantage of that opportunity. Deposition of Harvey Fenimore ("Fenimore Dep.") at 10.

With respect to establishing a breach of Fenimore's part, Geldermann refers to the customer agreement which includes a term in which the customer agreed to "[p]ay the amount of any debit balance or any other liability that may result from transactions executed for Customer's account." Plaintiffs Motion for Summary Judgment, Exhibit 2. There is no dispute that Fenimore has not paid the $14,054.89 to Geldermann.

Geldermann argues that it fulfilled all obligations under the agreement. Affidavit of Jodee Sorrentino ("Sorrentino Aff.") ¶ 9. Fenimore, however, maintains that Geldermann's unauthorized trading following Fenimore's revocation of the power of attorney amounted to a breach of the agreement on Geldermann's part or at least establishes that Geldermann did not perform its obligations under the agreement. Fenimore contends that the unauthorized trading purportedly undertaken by Geldermann is prohibited by the Commodities Exchange Act ("CEA"), regulations promulgated thereunder and the rules of the Chicago Board of Trade and the Chicago Mercantile Exchange. While the agreement itself mentions nothing about unauthorized trading, it does contain a provision stating that all transactions shall be subject to rules and other restrictions imposed by the relevant exchanges.

---

**1.** The customer agreement contains a choice of law provision consenting to the application of Illinois law to any litigation arising out of the agreement.

In support of his claim, Fenimore has attached to his response a copy of a notarized handwritten letter to Geldermann dated February 6, 1985, in which he states that he is revoking Thorpe's power of attorney. Def.Response, Exh. 3. He relies on that exhibit to create a genuine issue of fact regarding the authorization of trades made on his account during the disputed period. Geldermann argues, without specification, that this exhibit is inadmissible and that we cannot consider it in determining whether there is a genuine issue of material fact. We need not consider whether there is a genuine issue respecting Fenimore's revocation of the power of attorney, however, because we hold that this is not a fact material to the outcome of this litigation. Even if Fenimore did revoke the power of attorney, it appears from the record before us that he would be estopped from now asserting a defense based on the ensuing trading because he failed to complain even after receiving monthly notifications of the trading between February 1985 through June 1986. Fenimore readily admitted in his deposition that he received the monthly statements, although he claims that he never read them. Fenimore Dep. at 34. As of the date of his deposition, he admitted that he had never raised an objection that the trades in the relevant period were unauthorized. *Id.* at 42.

In actions under the CEA, customers who repeatedly accept confirmations and statements disclosing the essentials of transactions implicitly indicate that they intend not to rely on any breach of duty on the broker's part. *Moore v. Paine, Webber, Jackson & Curtis, Inc.,* [1980–1982 Transfer Binder] Comm.Fut.L.Rep. (CCH) ¶ 21,192 at 24,915 (CFTC ALJ Mar. 30, 1981); *Herman v. T & S Commodities, Inc.,* 592 F.Supp. 1406, 1420–21 (S.D.N.Y. 1984); *see also Blome v. R.G. Dickinson & Co.,* [1982–1984 Transfer Binder] Comm. Fut.L.Rep. (CCH) ¶ 21,916 at 27,969 (CFTC ALJ Nov. 18, 1983) ("The essence of such a finding [of estoppel] is a consideration of whether a party by silence or action misled another from taking action to prevent further injury.") Moreover, customers are barred from later asserting any wrongdoing where they fail to make seasonable complaints. *Moore* at 24,915. Thus, for the purposes of the many regulations which Fenimore cites as prohibiting unauthorized trading, Fenimore's lack of diligence regarding his account taints his complaint. Likewise, in the context of a contract action, a party may by his own course of conduct waive his or her legal right to insist on strict performance of contractual covenants. *See, e.g., Beverly Bank v. Alsip Bank,* 106 Ill.App.3d 1012, 1017, 62 Ill.Dec. 572, 576, 436 N.E.2d 598, 602 (1st Dist.1982). Fenimore cannot, through his lack of diligence, allow purportedly unauthorized trading to proceed without complaining even after being provided due notice on a monthly basis for a period of more than one year. The agreement itself contains no explicit terms regarding unauthorized trading, and Fenimore's only defense is that the unauthorized trading constituted a failure or breach of performance on Geldermann's part because it violated statutes, regulations and rules.[2] Accordingly, we view the revocation issue as irrelevant to the question of Geldermann's performance of contractual obligations since Fenimore would be estopped from complaining about unauthorized trading notwithstanding his alleged attempt to revoke the power of attorney.

Finally, having concluded that Geldermann performed its contractual obligations under the agreement, we find based on the record before us that there is certainly no question that Fenimore's failure to pay breached that agreement and that the resulting debit account has caused injury to Geldermann. Accordingly, Geldermann has established that there are no genuine issues of material fact and is entitled to judgment as a matter of Illinois contract law.

---

**2.** Fenimore never presented an "illegality defense" arguing that the contract was illegal because it permitted unauthorized trading. In any event, he could not have done so because he failed to plead it as an affirmative defense in his answer. *See* Fed.R.Civ.P. 8(c).

For the foregoing reasons, the Court grants Geldermann's motion for summary judgment pursuant to Fed.R.Civ.P. 56. Geldermann may submit a draft order stating the judgment amount in sum certain, including the $14,054.89 plus interest and reasonable costs and attorneys' fees of this action as provided for in the agreement. It is so ordered.