611 N.E.2d 112 (1993)
242 Ill. App.3d 1027
183 Ill.Dec. 259
Ralph T. MORGAN, Plaintiff-Appellant,
v.
CUNA MUTUAL INSURANCE SOCIETY, a Foreign Corporation, Defendant-Appellee.
No. 3-92-0358.
Appellate Court of Illinois, Third District.
April 2, 1993.
*113 John B. Castelli (argued), Ottawa, for Ralph T. Morgan.
Paul V. Martin, Raymond P. Fabricius (argued), Hupp, Lanuti, Irion & Martin, P.C., Ottawa, for CUNA Mut. Ins. Soc.
Justice SLATER delivered the opinion of the court:
Plaintiff, Ralph Morgan, filed an action for declaratory judgment seeking benefits under a total disability insurance policy issued by defendant, CUNA Mutual Insurance Society. The trial court granted defendant's motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Ill.Rev.Stat.1991, ch. 110, par. 2-619). Plaintiff appeals and we affirm.
Plaintiff was employed at a manufacturing plant in Streator, Illinois. His employment entitled him to membership in the Streator Onized Federal Credit Union. Defendant issued a group insurance policy to the credit union which provided death and disability benefits to members who borrowed money. Plaintiff borrowed $40,000 from the credit union entitling him to coverage under defendant's group policy.
Plaintiff suffers from osteoarthritis of the ankles, the symptoms of which include severe ankle joint pain and an inability to walk due to joint instability. His condition has gradually deteriorated since 1987.
Plaintiff turned 60 years old on September 16, 1990. On September 28, plaintiff was examined by two doctors. Plaintiff continued to work until October 5 when his two examining physicians advised his employer that he was totally and permanently disabled.
Plaintiff filed a claim for total disability benefits which was denied by defendant. Plaintiff filed his amended complaint for declaratory judgment on December 17, 1991, asking the court to find that he was entitled to disability benefits as provided in the insurance contract. In his complaint, plaintiff alleged that he was entitled to benefits under the provisions of a certificate of insurance issued to plaintiff by defendant. A certificate of insurance is a summary of the important policy provisions. A copy of the certificate was attached to plaintiff's complaint. The relevant provisions of the certificate provide as follows:
"Total and Permanent Disability Insurance stops at your 60th birthday. * * *
* * * * * *
If You Become Totally and Permanently Disabled prior to your sixtieth birthday and while you are insured under the Group Policy, we will pay off the insured balance of your loan on the same basis as if we were paying a death claim, unless otherwise specified. By Total and Permanent Disability, we mean that because of a medically determined illness or injury you will never again be able to work at your own job or at any other paying job for which you are suited by education, training or experience for the rest of your life."
Defendant filed a motion to dismiss the complaint. The trial court granted the motion, finding that because plaintiff continued to work past his sixtieth birthday he had not suffered a "total and permanent *114 disability" as that term is defined in the policy prior to age 60.
On appeal plaintiff contends that the fact that he continued to work past his sixtieth birthday does not, as a matter of law, mean that he did not suffer a total and permanent disability prior to age 60. In light of the particular policy provisions involved in this case, we are compelled to reject plaintiff's argument.
Insurance policies are subject to the same rules of construction applicable to other types of contracts. (Minerals and Chemical Corp. v. Liberty Mutual Insurance Co. (1988), 168 Ill.App.3d 361, 119 Ill.Dec. 96, 522 N.E.2d 758.) If a provision in an insurance policy is clear and unambiguous there is no need for construction (Becker v. Country Mutual Insurance Co. (1987), 158 Ill.App.3d 63, 110 Ill.Dec. 285, 510 N.E.2d 1316), and the provision should be applied as written. (Murphy v. Peterson (1984), 129 Ill.App.3d 952, 85 Ill.Dec. 112, 473 N.E.2d 480). Words of a policy should be given their ordinary meaning and courts should not strain to find ambiguity so as to reach a desired result when no ambiguity in fact exists. Northbrook National Insurance Co. v. Nehoc Advertising Service, Inc. (1989), 196 Ill.App.3d 448, 143 Ill.Dec. 316, 554 N.E.2d 251.
The provision of the certificate upon which plaintiff relies in this case is unambiguous. It clearly states that an insured must suffer a total and permanent disability prior to age 60 in order to be entitled to benefits. The policy definition of total and permanent disability is an illness or injury which prevents the insured from working at his job or any job for which he is qualified. Prior to his sixtieth birthday plaintiff clearly did not suffer from an illness or injury which prevented him from working at his job since he continued to work until after he turned 60. Giving the language of the relevant provision its plain and ordinary meaning, it is clear that regardless of any illness or injury, an insured who continues to work until he is 60 cannot collect disability benefits because he has not suffered a "total and permanent disability" as that term is defined in the policy.
Plaintiff cites a number of cases where courts have found an insured to be disabled even though the insured continued to work. In order to reach that conclusion in this case, however, we would be forced to ignore the clear policy definition of total and permanent disability. This we cannot do. Scudella v. Illinois Farmers Insurance Co. (1988), 174 Ill.App.3d 245, 123 Ill.Dec. 673, 528 N.E.2d 218 (court cannot distort language to create ambiguity supporting insured's theory).
Plaintiff also argues that the trial court erred in ruling on defendant's motion to dismiss without examining the language of the master policy itself. Plaintiff never made this argument before the trial court. It is well established that a party may not argue one theory to the trial court and another to the appellate court. (Beverly Bank v. Alsip Bank (1982), 106 Ill.App.3d 1012, 62 Ill.Dec. 572, 436 N.E.2d 598.) "Issues concerning alleged error not raised in the trial court are waived and, therefore, cannot be raised for the first time on appeal." Lemke v. Kenilworth Insurance Co. (1985), 109 Ill.2d 350, 355, 94 Ill.Dec. 66, 68, 487 N.E.2d 943, 945.
At the hearing on defendant's motion to dismiss, plaintiff's only argument was that his disability fell within the terms of the policy. In support of his argument, plaintiff relied on the language of the insurance certificate. Plaintiff did not argue that defendant's motion should be denied because the master policy was not before the court. On the contrary, plaintiff argued that the language of the insurance certificate was controlling. Counsel for plaintiff informed the court that the parties were in agreement "as to the terms of the policy that controls this cause of action." Because plaintiff failed to bring to the attention of the trial court any alleged error concerning the propriety of ruling on the motion based on the language of the certificate, he has waived this issue for purposes of appeal. Moreover, we note that the *115 existence of coverage is an essential element of an insured's case, and the insured has the burden of proving that his loss falls within the terms of his policy. (St. Michael's Orthodox Catholic Church v. Preferred Risk Mutual Insurance Co. (1986), 146 Ill.App.3d 107, 100 Ill.Dec. Ill, 496 N.E.2d 1176.) It was plaintiff's responsibility to bring before the trial court the contract under which he sought coverage and the provisions upon which he relied.
For the reasons stated above, the judgment of the circuit court of La Salle County is affirmed.
Affirmed.
McCUSKEY, P.J., and BRESLIN, J., concur.