ROBERT McDONALD *et al.*, Plaintiffs-Appellees, v. PRUDENTIAL PROPERTY AND CASUALTY COMPANY, Defendant-Appellant.

Fifth District    No. 5—98—0004

Opinion filed April 29, 1999.

CHAPMAN, J., dissenting.

Karen L. Kendall, of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

George R. Ripplinger, Jr., of George Ripplinger & Associates, of Belleville, for appellees.

JUSTICE HOPKINS delivered the opinion of the court:

Defendant, Prudential Property and Casualty Company (Prudential), appeals from the trial court's December 2, 1997, entry of summary judgment in favor of plaintiffs, Robert McDonald and Alberta McDonald, who are husband and wife. Robert was injured in a one-car accident while riding as a passenger in a car driven by Joshua Chamness. Chamness was insured by a policy issued by Prudential with

coverage limits of $100,000 per person and $300,000 per accident. Prudential offered Robert $99,999 for his injuries, and it offered Alberta $1 to settle her loss-of-consortium claim. Robert accepted the offer to him, but Alberta rejected the offer to her. When Prudential failed to pay either Robert or Alberta, they filed a complaint against Prudential on May 12, 1997, claiming that each of them was entitled to receive the full $100,000 policy limit.

The trial court granted plaintiffs' motion for summary judgment, finding that Alberta's claim for loss of consortium was separate and independent from her husband's claim for his physical injuries. At the same time, the trial court denied Prudential's motion for summary judgment. On appeal, we consider whether Prudential's policy of insurance permits Alberta to claim a separate $100,000 limit of liability for her loss-of-consortium claim or whether, as Prudential argues, the policy provides only for a single $100,000 limit of liability for both Robert and Alberta. For reasons we will more fully explain, we reverse.

## STANDARD OF REVIEW AND GENERAL CONSIDERATIONS

■ Trial court orders granting summary judgment present questions of law for the court of review. *Pagano v. Occidental Chemical Corp.*, 257 Ill. App. 3d 905, 909 (1994). The court of review conducts a *de novo* evaluation of the trial court record. *Busch v. Graphic Color Corp.*, 169 Ill. 2d 325, 333 (1996). The principal questions ·on review are whether a genuine issue of material fact exists and whether the trial court's interpretation of the law was correct. *Pagano*, 257 Ill. App. 3d at 909.

■ Where a policy of insurance is to be construed, the issues are determined by the language of the policy and the parties are bound to their agreement. *General Casualty Co. v. McCowan*, 221 Ill. App. 3d 96, 97 (1991). Generally, insurance policies are subject to the same rules of construction that apply to other types of contracts. *Morgan v. CUNA Mutual Insurance Society*, 242 Ill. App. 3d 1027, 1028 (1993). The definitions contained in the policy are controlling. *Filip v. North River Insurance Co.*, 201 Ill. App. 3d 351, 353 (1990). If the policy is clear and unambiguous, then construction aids are unnecessary and the policy must be applied as written. *Morgan*, 242 Ill. App. 3d at 1029.

"Words of a policy should be given their ordinary meaning, and courts should not strain to find ambiguity so as to reach a desired result when no ambiguity in fact exists." *Morgan*, 242 Ill. App. 3d at 1029. A provision in an insurance policy is ambiguous if it is subject to more than one reasonable interpretation. *United States Fidelity &*

*Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 74 (1991). All doubts and ambiguities must be resolved in favor of the insured. *Wilkin Insulation Co.*, 144 Ill. 2d at 74.

## TERMS OF THE POLICY

The policy issued to Joshua Chamness, under which both Robert and Alberta claim benefits, includes the following relevant provisions:

"BODILY INJURY

Bodily injury means bodily injury, sickness, disease[,] or death suffered by a person."

"AGREEMENTS BETWEEN YOU AND US

In exchange for premium[s] paid, we agree to pay for losses as covered in this policy."

"PART 1 LIABILITY—IF YOU INJURE OTHERS OR DAMAGE THEIR PROPERTY WITH A CAR ...

OUR OBLIGATIONS TO YOU (PART 1)

LIABILITY (BODILY INJURY COVERAGE/PROPERTY DAMAGE COVERAGE)

If you have these coverages (see the Declarations), we will pay up to our limit of liability for bodily injury to others and property damage that an insured is legally obligated to pay. The bodily injury and property damage must:

1. Result from an accident involving a car insured under this part; and

2. Be covered under this part."

"WHO IS INSURED (PART 1)
***
You and a resident relative are insured while using your car or a substitute car covered under this part.

Other people are insured while using your car ***.

We insure a person or organization who may be held responsible for an insured's use of a car this part covers."

"HOW WE WILL SETTLE A CLAIM (PART 1)

LIMIT OF LIABILITY—BODILY INJURY: EACH PERSON

The limit stated under BODILY INJURY LIABILITY—EACH PERSON on the Declarations is the limit of our liability for all damages, including damages for care or loss of services, arising out of bodily injury to one person as a result of any one accident."

## ANALYSIS

Prudential argues that the language of the policy clearly and unambiguously limits plaintiffs' claim to the policy limit for one person, Robert, for his bodily injuries. Prudential contends that the liability coverage of this policy is premised entirely on the terms "bodily injury" and "property damage" and that no coverage exists for any

other claim. According to Prudential, under this policy, a claim for loss of consortium is not a separate, independent claim for damages. Prudential argues that when a claim for loss of consortium arises as a result of bodily injury suffered by a spouse, coverage does exist but that, "as a claim for *consequential* damages, coverage is limited to the amount available to the claim from which it derives." (Emphasis in original.)

Plaintiffs respond that Prudential's limit-of-liability provision is ambiguous. Plaintiffs urge us to find that our previous decision in *Stearns v. Millers Mutual Insurance Ass'n*, 278 Ill. App. 3d 893 (1996), controls the outcome of this case, because the provisions in the insurance policy at issue in *Stearns* were "practically identical to that of the language in the present case."

We disagree with plaintiffs that *Stearns* controls the outcome of this case. *Stearns* is distinguishable. First, *Stearns* dealt with uninsured-motorist coverage applicable to three separate "insureds"—a mother, who was the primary insured, a daughter, who was injured and died as a result of the accident, and a sister, who was insured as a "family member." The distinction between the uninsured-motorist coverage in *Stearns* and the liability coverage under the circumstances of our case is important because different types of coverage include different provisions. The language that was pivotal in deciding the *Stearns* case was part of the uninsured-motorist coverage, whereas the language that is pivotal in deciding the instant case is contained in the liability section, entitled "LIABILITY, IF YOU INJURE OTHERS ***."

Additionally, the language of the two policies is not "practically identical" but differs in two key respects. First, in *Stearns*, the insurance company agreed to:

"pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of 'bodily injury':
1. Sustained by an 'insured'; and
2. Caused by an accident." 278 Ill. App. 3d at 895.

In the Prudential policy, Prudential agreed only to "pay for losses covered in this policy."

Second, in *Stearns*, the definition of who was covered by the uninsured-motorist coverage was stated as:

" 'Insured' as used in this Part means:
1. You or any 'family member.'
2. Any other person 'occupying' 'your covered auto.'
3. Any person for damages that person is entitled to recover because of 'bodily injury' to which this coverage applies sustained by a person described in 1. or 2. above." 278 Ill. App. 3d at 895.

The liability coverage of the policy issued to Joshua Chamness, under which Robert and Alberta claim benefits, applied only to Joshua Chamness as the insured.

We found in *Stearns* that the above-quoted provisions could reasonably be interpreted to mean that the insured mother and sister of the girl who died in the car accident were each entitled to receive their own policy limit of $100,000 as "compensatory damages" for loss of consortium because of the "bodily injury" of the insured daughter/ sister who died in the accident. *Stearns*, 278 Ill. App. 3d at 899. We acknowledged the reasonableness of the insurance company's alternative interpretation of the policy—that only the bodily injuries of the deceased daughter were covered—but we found that we had to resolve the ambiguity in favor of the insured. *Stearns*, 278 Ill. App. 3d at 898; see *Wilkin Insulation*, 144 Ill. 2d at 74.

■ Under the Prudential policy, Alberta may only claim benefits through her husband's "bodily injury." Because she must claim her benefits through her husband, she is not entitled to the policy limit of $100,000 for her loss-of-consortium claim, but she is entitled only to that portion of Robert's $100,000 that Prudential does not pay directly to Robert for his bodily injuries.

Under the applicable provisions in the Prudential policy, Alberta is bound to the limit of liability available to Robert because, unlike the policy in the *Stearns* case, there is no clause in the Prudential policy to subject Prudential to liability for loss of consortium as a separate category of damages. Under Prudential's policy, Robert, who sustained bodily injury, is entitled to receive the limit of liability for that bodily injury as a result of "an accident involving a car insured under [the liability] part" of the policy. Prudential limited its liability "for all damages, including damages for care or loss of services, arising out of bodily injury to one person as a result of any one accident." In *Stearns*, there was a similar limit-of-liability section, but when that section was read in conjunction with the definition of who was an insured, along with the insurance company's agreement to pay compensatory damages, liability for damages for loss of consortium was a reasonable interpretation of the policy. Without similar provisions in Prudential's policy, we cannot find coverage for Alberta's claim for loss of consortium. Accordingly, we hold that Alberta is entitled to recover under Joshua Chamness's policy with Prudential only the amount not payable to Robert as part of his $100,000-per-person limit.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's entry of summary judgment in favor of plaintiffs. We find no genuine issue of

material fact and find that Prudential is entitled to summary judgment as a matter of law. Accordingly, pursuant to our powers under Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we hereby enter summary judgment in favor of Prudential and against plaintiffs.

Reversed.

WELCH, J., concurs.

JUSTICE CHAPMAN, dissenting:
I dissent.

I believe that the trial court's decision was correct based on this court's decision in *Stearns v. Millers Mutual Insurance Ass'n*, 278 Ill. App. 3d 893, 663 N.E.2d 517 (1996), and on *Filip v. North River Insurance Co.*, 201 Ill. App. 3d 351, 559 N.E.2d 17 (1990).